CALEDONIA, *March,* 1830.

STATE *vs.* WILLIAM SOMMERS, 2d.

An indictment for selling liquors without a license ought to allege that the respondent was not authorized to sell liquors in any mode designated by the statute, particularly negating each source from which he might have obtained a license.

This was an indictment for selling liquors without a license, on which the respondent was found guilty by the jury; and he afterwards filed a motion in arrest for the insufficiency of the indictment, which was as follows:

"The grand jurors within and for the body of the county of Caledonia aforesaid, now here in court, duly empanneled and sworn, on their oaths present,—That *William Sommers,* 2d. of Barnet, in said county, of Caledonia, on the second day of September, A. D. 1828, at Barnet, aforesaid, did then and there, with force and arms, sell by small measure, West-India rum, brandy, gin and wine, by a less quantity than one pint, to wit; one half pint of rum, one gill of rum, one glass of rum, one half pint of brandy, one gill of brandy, one glass of brandy, one half pint of gin, one gill of gin, one glass of gin, one half pint of wine, one gill of wine, one glass of wine, to sundry persons here to said jurors unknown, the said *William Sommers,* 2d. at the same time of selling said West-India rum, brandy, gin and wine, as aforesaid, not having a license from the county court, within and for said county of Cale-

CALEDONIA,
March,
1830.

State
vs.
Sommers.

donia, nor from any judge of the same, nor from the civil author-
ity and select men of said Barnet, to keep an inn or house of pub-
lic entertainment, in said Barnet, against the statute in that case
made and provided,and against the peace and dignity of the state."

The case having been brought before the Supreme Court,

*Mr. Burbank, for the defendant,* assigned several causes of
arrest, and among others, That it did not appear from the indict-
ment that *Sommers,* on the day of the supposed selling of said li-
quors, was not authorized by the select men and civil authority of
the town of Barnet, to sell spiritous liquors on special occasions
for three days, or a less time, according to the 8th section of the
act of 1798.

*Mr. Davis, for the state, contra,* contended that it was not
necessary to negative all sources from which the defendant
might have been authorized to sell liquors, and cited 1 *Chit. Crim.
Law,* 232 ; 2 *Burr. Rep.* 1036.--That the words, "to keep an
inn," &c. might be regarded as surplusage, and then there was
a general negative, which was sufficient.—*Id.* 174.

The opinion of the Court was delivered by

PADDOCK, J.—This indictment appears to have been framed
upon the 4th section of an act passed in 1804, in addition to an
act directing the mode of obtaining licenses, and regulating inns
and houses of public entertainment,passed in 1798. The first, se-
cond, and third sections of the act named, direct and point out the
mode in which a person may obtain license for keeping an inn, or
house of public entertainment, to wit, *from the county court.*
The 8th section of the same act " authorizes the civil authority
and select men of any town to license any person or persons to
mix and sell any of the liquors aforesaid, in any quantities, on
days of general muster, and other public and proper occasions, for
the space of three days," without naming or confining the sale to
any house or place.—The second section of the act of 1804,
" authorizes any judge of the county court to license any person
within the county to keep a house of public entertainment, until
the next session of the county court." The indictment, after
charging defendant with selling spiritous liquors in less quantity
than one quart, alleges that, " the said *William Sommers, 2d,* at
the time of selling said rum, brandy, gin and wine, as aforesaid,
not having a license from the county court within and for said
county of Caledonia, nor from any judge of the same, nor from

CALEDONIA,
*March*,
1830.
_____
State
*vs.*
Sommers.

the select men and civil authority of said Barnet, *to keep an inn or house of public entertainment in said Barnet,* against the statute in such case made and provided," &c.

It is evident that the negation, in this case, is too narrow to cover the 8th section in the first act, when restricted or limited by the words "*to keep an inn or house of public entertainment.*" Had those words been omitted in the indictment, the sale of the spiritous liquors complained of would have been without license from any legitimate source ; but taken as a part of the negation, it follows,that the defendant might have had a license and lawful authority to sell spirits at the *time and place* he did, but not to keep an inn or house of public entertainment. For these reasons, the judgement must be arrested.

Judgement arrested.

*Ch. Davis*, for the state.

*P. Burbank*, for defendant.