## STATE *v.* FULLER.

An indictment under the statute of 1849, prohibiting the unlicensed sale of wine and spirituous liquors, need not contain an averment that the liquors sold were not imported from a foreign country, and sold by the importer thereof in the original casks or packages in which they were imported.

Admitting that statute to be prohibitory; that it is unconstitutional to prohibit the sale of foreign liquors by the importer thereof, in the original casks or packages; and that the act is therefore to be understood as subject to a proviso, that its enactments shall not apply to the sale of foreign spirits by the importer thereof, in the original casks or packages in which it was imported; still it is not necessary to negative such implied proviso in the indictment.

It is only when a proviso or exception is so inserted in the enacting clause of a statute as to qualify the enactment, and thus make the negativing it an essential part of the description of the offence, that it is necessary to negative it in an indictment for a violation of the statute.

THIS was an indictment against the respondent for unlawfully selling spirituous liquor. The indictment contained the following allegation: " That D. G. Fuller, &c., on the 20th of July, 1855, at, &c., not being then and there licensed to sell wine and spirituous liquors, did then and there unlawfully sell two quarts of spirituous liquor, at one and the same time, to one Joseph Baker, contrary," &c.

The jury having returned a verdict of guilty, the respondent, by his counsel, moves in arrest of judgment, because it is not alleged in the indictment that the spirituous liquor alleged to be sold, is not spirituous liquor imported by the respondent from any foreign country, under the authority of the laws of the United States, and sold by the respondent in the original packages in which the same was imported.

*William L. Foster*, for the respondent.

The indictment, wherein the respondent is charged with selling two quarts of spirituous liquor, not being licensed to sell wine and spirituous liquor, does not allege that the liquor sold " was not spirituous liquor imported by the respondent from any foreign country, under the authority of the laws of the United States, and sold by the respondent in the original packages in which the same was imported."

State *v.* Fuller.

I. The allegation which is omitted *is material;* because it is lawful to sell and to purchase imported liquors in the original packages of the importer. *Gibbons* v. *Ogden,* 9 Wheaton 198 ; License Cases, 5 Howard 504 ; *Brown* v. *Maryland,* 12 Wheat. 419 ; and see opinions of Elias Merwin, Charles G. Loring, Sidney Bartlett and Rufus Choate, upon the constitutionality of the recent liquor law of Massachusetts, published in the Boston newspapers, June, 1855. Our courts will take judicial notice of the laws of the United States. It is not necessary to set them out in pleading.

The statutory offence, then, must be a sale of liquor not in the original imported packages ; otherwise, all the charges made in the indictment may be true, and yet no offence may have been committed.

The omitted allegation is, therefore, a part of the essential description of the offence.

II. The statutes of the United States being the paramount law of the land, no act of the New-Hampshire Legislature can be inconsistent with them. *If it is so, the State law is unconstitutional and void.*

Our statute is *not* inconsistent, but, by inevitable construction, the State law is made subordinate to that of the United States ; and whenever the former is *apparently* inconsistent with the latter, a true construction of both will make the United States law enter into and become a part of the State law, *by way of exception or proviso.* This exception is not *expressed* in the State law, but it *must be implied;* otherwise the State law is unconstitutional.

Being an exception, it must be negatived in the indictment. The exception provided by the United States statutes pervades and controls every part of the State law; as well the enacting clause as the subsequent sections, because it is paramount and supreme ; and it is a very familiar principle of law, that where an offence is created by statute, and there is an exception in the enacting clause, the indictment must negative the exception. *State* v. *Godfrey & a.,* 24 Maine 232 ; *State* v. *Hewett,* 31

State *v.* Fuller.

Maine 396; *Blaisdell* v. *Hewit*, 3 Caines 512. And it cannot be said that this exception is distinct from the enacting clause. It must be implied. The State law must be subservient to the exception of the higher law; and can it be said that the exception exists in a subsequent and not in the enacting clause? Without the exception, the enacting clause itself is dead; for it is repugnant to the laws of the United States, unconstitutional and void. If the exception be annexed to the enacting clause by way of *proviso*, it must be negatived in the indictment. *The State of Maryland* v. *Nutwell*, 1 Gill 54. The rule is probably founded in reason. It cannot be supposed to be purely technical and arbitrary. It was probably established in order to insure the highest degree of certainty in the description of a criminal charge; that no latitude of intention might remain to include any thing more than is charged; that the charge may be explicit enough to support itself. *The People* v. *Gates*, 13 Wend. 317. But the rule becomes insensible if the necessity for negativing a material exception is made to depend solely upon the location of the material exception.

Now the respondent may be guiltless of any offence, and yet every word of this indictment may be true. In *The Commonwealth* v. *Odlin*, 23 Pick. 275, the respondent was indicted under a statute which made it unlawful to sell spirituous liquors in a less quantity than fifteen gallons, without a license. The indictment alleged the sale of *one pint*. It was held the indictment did not sufficiently aver a sale under fifteen gallons. "If fifteen gallons were sold, it would be true that one and many pints were sold." "But simply averring affirmatively that the defendant did sell one pint, without some word negativing a larger quantity," the court say, "is not bringing the case within the statute."

In *Moore* v. *The Commonwealth*, 6 Met. 243, the indictment alleged that "Moore did commit the crime of adultery with one Mary Stuart." "She, the said Stuart, then and there being a married woman, and having a husband alive." Moore was convicted. It was assigned for error, "that it does not appear but that said Peter Moore and Mary Stuart were married together."

The court held the judgment erroneous; *Shaw,* C. J., saying: "We suppose it is pretty clear to common apprehension what the grand jury meant by this averment, but the difficulty is that the precision and certainty required in criminal pleading, for the security of the accused, will not admit any thing to be taken by intendment."

See, also, *Commonwealth* v. *Reardon,* 6 Cush. 78. Any want of sufficient certainty in the indictment respecting the time, place or offence, which is material to support the charge, as well as the circumstance of no offence being charged, will cause the judgment to be arrested. 1 Arch. Crim. Pl. 178–31, note 2; 4 Black. Com. 375. A motion in arrest of judgment will lie after a verdict of guilty, after a plea of guilty, or *nolo contendere. Commonwealth* v. *Hearsay,* 1 Mass. 137; *Commonwealth* v. *Northampton,* 2 Mass. 116. The statutes of jeofails do not apply in criminal proceedings. *Commonwealth* v. *Child,* 13 Pick. 200; *Commonwealth* v. *Morse,* 2 Mass. 128; *Brown* v. *The Commonwealth,* 8 Mass. 59.

*John H. George,* Solicitor, for the State.

The indictment was sufficient.

I. The position of the respondent's counsel rests upon the assumed principle that it is unconstitutional for a State to prohibit the sale of liquors imported and sold by the importer in the original packages.

The validity of this position we deny. A law prohibiting the sale of original packages would not directly conflict with any law of Congress allowing its importation. The liquor may be imported, and it is only then that it can be sold so as to form an offence against the State law.

Such a State law is void, therefore, only on the ground that the laws of the United States, by authorizing the importation of liquors as property, and levying duties upon them as such, guarantee to the importer thereof all the rights in relation to such property that any citizen has in reference to other property.

Admitting the position to be true, we say that the importer of

State *v.* Fuller.

liquors has all the rights appertaining to owners of any other species of property, notwithstanding he is prohibited by the State law from selling such liquors without license.

The liquors being once within the State become subject to the proper municipal regulations of the State. The State law in question has not for its object to defeat the laws of importation established by the national government, but is for the purpose of regulating the sale of a dangerous species of property, and is admitted on all hands to be no unconstitutional interference with the rights of property. Even if the statute prohibited the sale of liquor, it would not be unconstitutional, for the importer might use it himself, or give it away. But such is not the case. The statute does not *prohibit* the sale ; it only regulates and controls it by municipal rules, intended to promote the general welfare of the community, and not to annul or defeat the national importation laws. Besides, it is somewhat difficult to perceive why a prohibition of the sale of liquors, after they shall have passed from the hands of the original importer, does not equally conflict with the importation laws. We say, therefore, that the basis of the defendant's position is unsound, and that the high authority which he cites of the *license laws*, (5 Howard,) do not sustain his broad assumption.

II. But admitting that the right to sell liquors in the original packages is guarantied by the laws of the United States, still it is admitted by the respondent's counsel that this court will construe the State law as implying an exception of such cases of sale, and then we say that the indictment was sufficient. The indictment sets forth that the respondent, not being licensed, did sell, &c. This sets forth a complete offence under section 2 of chapter 846, Pamphlet Laws.

And if the liquor sold by the respondent was an original package, it should have been pleaded or proved by him, as a matter of defence.

In support of this position we cite the well settled principle of criminal law, that in an indictment upon a statute it is not necessary to negative exceptions in the statute, unless they are con-

tained in the enacting clause, but the respondent must show himself within such exceptions as a matter of defence. See *State* v. *Adams*, 6 N. H. 534, and cases therein cited.

The counsel for the respondent does not deny the correctness of this principle, but asserts that the exception to the State statute, created by the right to sell liquor in its original packages, is virtually an exception in the enacting clause of the State statute, wholly pervading and controlling it, and that therefore the principle above stated will not apply.

An examination of the reason of the rule in *State* v. *Adams*, and its precursors, shows the unsoundness of this position of the respondent. The principle of these decisions we understand to be this: That when an indictment upon a statute sets forth facts, bringing the case within the fair description of the clause stating, declaring and constituting the offence, and negatives all exceptions so incorporated with and pervading it, that the idea of the statute offence necessarily includes the idea of the statute exceptions, then the strictness of criminal pleading is satisfied, and all other exceptions, qualifications or conditions, however created, may safely be required to be pleaded or proved by the respondent.

In the case *Rex* v. *Ford*, Strange 555, which was a conviction on the statute 3 Charles I., chap. 23, for keeping an alehouse without a license, *Fortescue* objected, that in the act there was a proviso exempting persons who had been punished under a former law, and therefore the indictment should have said the respondent had not been proceeded against under that law. "*Sed, per Curiam*, that coming in by way of *proviso*, he should have insisted on it in his defence."

In *Rex* v. *Bryan*, Strange 1101, the defendant was convicted on the gin act, and an exception was taken that there was no averment that it was not to be used as a medicine, and convictions under the game acts were cited. *Strange, contra,* insisted that the reason of that was because those exceptions were in the enacting clause, whereas this about medicine comes in by way of proviso, and is by way of defence to be shown on the defendant's

part. "*Et per curiam.* This is brought within the general enacting clause, and the true distinction is where the extenuation comes in by way of proviso, or exception."

In *Jones* v. *Axen*, 1 Ld. Raym. 119, *Treby*, C. J., says: " That where an exception is incorporated in the body of the clause, he who pleads the clause ought to plead the exception; but when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause and leave it to his adversary to show the proviso."

In *Spieres* v. *Parker*, 1 T. R. 145, *Ashurst*, J., states the rule, " that any man who will bring an action for a penalty, must show himself entitled under the enacting clause; but if there be a subsequent (proviso of) exemption, that is a matter of defence, and the other party must show it, to exempt himself from the penalty."

Neither is it material that the exception should be contained in a different section of the statute; but although the proviso be in the same section with the enacting clause, if it be not incorporated therein, it is not necessary, in accordance with the principle we have above suggested, that it should be negatived.

In *Steel* v. *Smith*, 1 B. & Ald. 95, the proviso was in the same section with the enacting clause. Lord *Ellenborough*, C. J., said: " There are not in this case any words of reference, or of virtual incorporation, but this is a distinct and substantial proviso." *Bayly*, J., said: " I cannot say that the proviso is part of the same sentence, for if it had been omitted the preceding sentence would have been entire. I admit that where there is an exception so incorporated with the enacting clause that the one cannot be read without the other, the exception must be negatived;" and he quotes the language of *Treby*, C. J., above cited.

The proviso was contained in the same section with the enacting clause in *Bennett* v. *Hurd*, 3 Johns. 438, and *Teel* v. *Fonder*, 4 Johns. 304. In the last case *Van Ness*, J., referring to a statement of the law upon this point made by Sergeant *Williams*, in his note to 1 Saund. 262, says: " The only inaccuracy in this

remark consists in restricting the rule to provisos contained in a subsequent section or statute, which was not warranted by the cases."

The only case contravening this principle is *Maryland* v. *Nutwell*, 1 Gill 54, cited by the respondent, which we must consider as not law. It is also worthy of notice that the indictment in that case did in terms negative the proviso.

In accordance with our view of the principle stated in *State* v. *Adams*, it has also been decided, (and we conceive that these cases run *pari passu* with the present,) that where a subsequent statute makes an exception to a former statute, such exception need not be negatived in an indictment upon the first act.

This was the case of *King* v. *Hall*, 1 T. R. 322. The court say, " if a subsequent statute make an exception ¡to a former one, it is incumbent on the defendant to show, by way of defence, that he comes within such exception."

In *United States* v. *Hayward*, 2 Gall. 497, Judge *Story* states the rule thus : " The general rule of law is, that it is sufficient to negative the exceptions in the enacting clause of a statute, and exceptions which come in by way of proviso, or in subsequent statutes, are properly matters of defence for the defendant."

We therefore conceive there is no ground for contending that the assumed right to sell liquors in the original packages is such an exception to the State statute in question, that it was necessary to negative it in this present indictment.

As we have shown, the indictment follows the acknowledged rules of criminal pleading. It sets out facts constituting a complete offence under our statutes, providing that if any person, without license, shall sell any liquors, he shall be punished. That is sufficient. If, by reason of any qualification of that statute, either by a proviso in the same section, a proviso in a different section, an exception in a subsequent statute, or (what is still further from being an exception suggested by the enacting clause itself) by an exception that the liquor sold was in the original packages in which it was imported, the respondent ought

not to be punished according to the penalties imposed by that statute, let him show it.

The counsel for the respondent contends that it is a proper test of the sufficiency of an indictment, to inquire whether all the facts stated therein may not be true, and yet the respondent be guilty of no crime.

But the authorities we have cited show that there are many cases in which an indictment is sufficient, although the defendant may be within exceptions to the statute, and guilty of no actual crime; and with all due deference to the distinguished judge cited in support of the position referred to, we submit that is no true test.

FOWLER, J. This was an indictment for an illegal sale of spirituous liquor, founded on the 5th section of chapter 846 of the Laws of 1849, imposing a penalty of not less than twenty nor more than fifty dollars for such offence. The respondent was found guilty by the jury, and then moved in arrest of judgment for an alleged defect in the indictment. The defect insisted upon is, that the indictment does not aver that the liquor sold was not foreign spirituous liquor, imported under the laws of the United States, and sold by the importer thereof in the original casks or packages in which it was imported. We have carefully considered this objection, and the ingenious argument of the respondent's counsel in its support, and are entirely satisfied it is untenable.

The language of the statute which forms the basis of the indictment is, " If any person, not being licensed, shall sell any spirituous liquor or wine, mixed or otherwise, in any quantity, as aforesaid, he shall on conviction be punished," &c.

It is the well settled general rule of criminal pleading, that all the material facts and circumstances comprised in the definition of the offence, whether by a rule of the common law or by statute, must be stated in the indictment. 1 Archb. Crim. Plead. 85; 2 Hale's P. C. 183, 184; Hawkins' P. C., b. 2, c. 25; Cro. Eliz. 147, 201; Bacon's Abr., Indictment, G;

1 Comyn's Digest, Indictment, G, 3 ; *Lambert* v. *People*, 9 Cowen 578.

Whether the statute be public or private, the indictment must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it ; and must with certainty and precision charge him with having committed or omitted the acts constituting the offence, under the circumstances and with the intent mentioned in the statute. 1 Hale's P. C. 517, 526, 535 ; 1 Archb. Crim. Plead. 86, n. 2.

If there be any exceptions contained in the same clause of the act which creates the offence, the indictment must show negatively that the defendant, or the subject of the indictment, does not come within the exceptions. 2 East's P. C. 275 ; *Spiers* v. *Parker*, 1 T. R. 141 ; *Rex* v. *Earnshaw*, 15 East 456 ; *Rex* v. *Stone*, 1 East 643 ; 1 Archb. Cr. Plead. 86, n. 2.

But in an indictment on a statute, if an exception or proviso be in a subsequent clause or statute, even though in the same section, it is not necessary to aver that the defendant is not within the benefit of it, for it is in that case a matter of defence for the other party, and need not be negatived in the pleading. 1 Archb. Cr. Plead. 86, n. 2 ; 2 Hawkins' P. C., c. 25, s. 113 ; *Rex* v. *Hall*, 1 T. R. 320 ; *Steel* v. *Smith*, 1 B. & Ald. 94 ; *State* v. *Adams*, 6 N. H. 532 ; *Jones* v. *Axen*, 1 Ld. Raymond 119 ; *Rex* v. *Baxter*, 5 T. R. 83 ; 2 Hawkins' P. C., c. 25, sec. 112 ; Bac. Abr., Indictment, H, 2 ; *State* v. *Somers*, 3 Vt. 156 ; 1 Chitty's Plead. 357 ; *Rex* v. *Ford*, Strange 555 ; *Rex* v. *Bryan*, Strange 1101 ; *Sanders' Case*, 1 Sanders 262, n. 1, and authorities.

It is only where the exceptions are so stated in the enacting clause as to qualify the enactment, and thus make the negativing them an essential part of the description of the offence charged, that it is necessary to negative them in the indictment. Wharton's Am. Cr. Law 191 ; 2 Hale's P. C. 170 ; *Rex* v. *Maurice Jarvis*, 1 Burrow 148 ; Foster's P. C. 430, *Rex* v. *Bell ; Rex* v. *Stone*, 1 East 646, notes ; *Spiers* v. *Parker*, 1 East 144 ;

---

State *v.* Fuller.

---

Comyn's Dig., Action, Statute ; 1 Chitty's Plead. 357 ; *State* v. *Munger*, 15 Vt. 290 ; *State* v. *Godfrey*, 11 Shepley 232 ; *State* v. *Adams*, 6 N. H. 532 ; *Com.* v. *Thurlow*, 24 Pick. 374 ; *State* v.* *Webster*, 5 Halstead 293 ; *Matthews* v. *State*, 2 Yerger 233 ; *State* v. *Craft*, 1 Walker 409 ; *Com.* v. *Maxwell*, 2 Pick. 139 ; *State* v. *Barker*, 18 Vt. 195.

Where negatives are descriptive of the offence, there they must be set forth. *Foster*, J., in *Rex* v. *Maurice Jarvis*, reported in notes, 1 East 648. But the indictment need not negative a proviso which withdraws a case from the operation of the statute, for that is a matter of defence. Wharton's Am. Cr. Law 191, and authorities ; 1 Archb. Cr. Plead. 86, 3.

Admitting, for the purposes of this case, the correctness of the positions taken by the respondent's counsel, that the statute of 1849 is a prohibitory one, that by the laws of the United States the prohibition of the sale of foreign liquors by the importer thereof, in the original casks and packages, is forbidden, and that therefore the statute of 1849 is to be understood as subject to a proviso, that its enactments shall not apply to the sale of foreign spirituous liquors or wines, by the importer thereof, in the original casks or packages in which they were imported, still we think it very clear, applying the principles which we have stated as the result of a great mass of authorities, to the matter before us, that the indictment under consideration set forth a complete offence under the statute, and was not deficient in not containing any averment negativing such implied proviso. If it would not have been necessary to negative the proviso, had it been inserted in the statute elsewhere than in the enacting clause, in such mode as to qualify that, and make the negativing it an essential element in the description of the offence, it would seem to be clear that when it is merely implied, and no where expressed, it cannot be necessary to negative it. It would appear absurd to contend that a proviso, not any where expressed, has more force and is more important than it would be if inserted at length in the same or a separate section of the act defining and constituting the offence. It might with equal propriety be contended that it

was necessary in every indictment for crime to negative the fact of the respondent's insanity or idiocy, because all statutes against crime are subject to the implied proviso that the person committing it was, at the time of the perpetration of the offence, in the possession of his reason.

Entertaining these views, the motion in arrest of judgment is overruled, and there must be

*Judgment on the verdict.*