## THE TERRITORY V. SCOTT.

1. **INDICTMENT: NEGATIVING EXCEPTIONS IN STATUTE.** It is immaterial whether an exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the *nature of the exception or proviso,* and not its location, which is material. When the exception or proviso is so introduced as to constitute a part of the *definition* or *description* of the offense, it must be negatived.

2. **SETTING PRAIRIE FIRE: EXCEPTIONS IN STATUTE.** In an indictment for setting prairie fire, under section 1, chapter 60 of the Penal Code, it is not necessary to negative the exceptions contained in other sections of said chapter.

*Writ of Error to the District Court of Minnehaha County.*

THE facts are fully stated in the opinion of the Court.

*Bippus & Boyce* and *M. Grigsby,* for plaintiff in error, cited:

(Potter's Dwarris on Statutes, 119; 1 Wharton Crim. Law, § 379; *State v. Loftin,* 2 Dev. & Bat., 31; *Neales v. State,* 10 Mo., 498; *Com. v. Thurlow,* 24 Pick., 374; *State v. Webster,* 5 Hal., 293; Bishop on Stat. Crimes, § 605; Bishop Crim. Proc., (2d Ed.,) §§ 636–7–9, and note 3; Sedgwick Stat. and Cons. Law, p. 50–51; *Com. v. Hart,* 11 Cush., 130–7; *State v. Abbey,* 29 Vt., 60; *State v. Miller,* 24 Conn., 522; *People v. Toynbee,* 11 How. Pr., 333.)

*Alfred M. Flagg,* District Attorney, for defendant in error, cited:

(Chitty Crim. Law, 283, b.; P. C.; c. 25, § 113; 1 Wharton Crim. Law, § 378; *Mathews v. State,* 5 Yerger, 233; *State v. Adams,* 6 N. H., 533; *State v. Sommers,* 3 Vt., 156; *People v. Nugent,* 4 Cal., 341; 1 Bishop Crim. Proc. § 639, note 5; *Com. v. Hill,* 5 Grat., 682–90; *State v. Abbey,* 29 Vt., 60; *State v. Powers,* 25 Com., 48; *State v. Miller,* 54 Conn., 522.)

KIDDER, J.—The defendant below and plaintiff in error here, John Scott, was indicted under chapter 60 of the Penal Code, for setting a prairie fire. (Revised Codes, 1877, p. 842.)

SECTION 1, is as follows: " That if any person or persons shall set or cause to be set on fire any woods, marsh, or prairie, or any grass or stubble lands in the months of September, October, November, December, January, February, March, April, May or June, except as hereinafter provided, such person or persons shall be deemed guilty of a misdemeanor, * * * * and shall also be liable in a civil action to any person or persons damaged by such fire to the amount of such damage."

SEC. 2. " That for the purposes of destroying any grass or stubble that may be on any piece of land at the time any person or persons commence to break or plow the same, it shall be lawful for such person or persons to set the same on fire at any time in the year: *Provided,* That at the time of setting such grass or stubble on fire there shall be a strip of land well plowed or burned over at least fifty feet in width, completely encompassing the place where such fire is set."

SEC. 3. " That if any fire set as provided in section 2 of this Act, should, by accident, and without any fault or neglect of the person or persons setting the same, get beyond his or their control, such person or persons shall be liable, as provided by section 1 of this Act, for all damages done by said fire, and not otherwise. But if such fire should by negligence, carelessness, or be intentionally permitted to spread beyond the bounds of said strip of land mentioned in section 2, then the person or persons setting such fire shall be liable both civilly and criminally, as provided in section 1 of this Act."

The indictment charges: " That John Scott, in the county of Minnehaha aforesaid, on the 19th day of October, 1878, certain prairie and stubble land there situated in section 28, township 102, range 50, willfully and unlawfully, did set on fire, contrary to the Statute, etc."

To the indictment the defendant demurred, claiming that the facts stated therein did not constitute a public offense ; and because it charges the defendant with having willfully set on fire certain prairie and stubble land, but does not charge that said fire was set *without having " a strip of land well plowed or burned over at least fifty feet in width completely encompassing the place where such fire was set."*

The demurrer being overruled, to which the defendant excepted, the defendant plead not guilty, and at the trial objected, for the like reason, to the introduction of any testimony under the indictment, which objection the Court also overruled, and the defendant excepted.

The defendant was convicted and sentenced.

The only question in the case presented to us for examination is, as to the sufficiency of the indictment. In other words, should the indictment have negatived the exceptions and provisos, which are referred to in the enacting clause of section 1, but not contained therein?

Upon a careful examination of this question we find but little, if any, conflict of authority. It was justly said in the case of *Smith v. Moore,* 6 Greenleaf, 274, that on this subject, "there seems to be many shadowy distinctions, the sound reasoning and good sense of which are not easily discoverable." The general rule is: If there is an exception in the enacting clause, the party must negative the exception, and state in the indictment that the defendant is not within it; but if there be an exception in a subsequent clause, or subsequent section of the Statute, it is a matter of defense, and is to be shown by the other party. The rule is founded on the general principle, that the indictment must contain the statement of those facts which constitute an offense under the Statute. A *prima facie* case must be stated; and it is for the other party for whom matter of excuse exists, to bring it forward in his defense. In saying that an exception must be negatived when made in the enacting clause, reference is not made to sections of the Statute, as they are divided in the Act; nor is it meant, that because the exceptions are contained in the section containing the enactment, it must for that reason be negatived. That is not the meaning of the rule. The question is, whether the exception *is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition or description of the offense,* for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. "*It is the nature of the exception and not its location,*" which determines the question. Neither does the question depend upon any distinction

The Territory v. Scott.

between the words "*provided*" or "*except*," as they may be used in the Statute. In either case, the only inquiry arises, whether the matter excepted, or that which is contained in the proviso, is so incorporated with, as to become, in the manner above stated, a part of the enacting clause. If it is so incorporated, it should be negatived, otherwise it is a matter of defense. These rules are sustained by the authorities as they are collected in 8 Amer. Jurist, 233, and 1 Lead. Crim. Cas., 255, and note. It may be said, that there is a middle class of cases—namely, where the exception is not in express terms introduced into the enacting clause, but only by reference to some subsequent clause, or prior Statute, as when the words, as in this case, "*except as hereinafter provided*, (Sec. 1, *supra*,) or words of similar import are employed; and that in those cases the exception must be negatived. (1 Lead. Crim. Cas., 260. The case at bar, it was claimed upon argument, falls within that classification. The necessity in such cases of negativing the exceptions in the indictment, cannot arise from the mere fact that a reference to the excepted cases is made in the section containing the enacting clause. There is no greater reason in that rule than in saying, that the exceptions of a Statute must in all cases be negatived, because they are placed in the section containing the enacting clause, as they may be divided in the Act; a rule, discarded by elementary authors as well as by adjudged cases. The same rule should govern this class of cases which governs others, and the exceptions should be negatived only where they are descriptive of the offense, or define it; but where they afford matter of excuse merely, they are to be relied upon in defense. The question is one not only of pleading, but of evidence, and where the exceptions must be negatived in the indictment, the allegations must be proved by the prosecution, though the proof involve the negative, (29 Vt., 60, and cases there cited,) except that where the negative of an issue does not permit direct proof, or where the facts come more immediately within the knowledge of the defendant, the *onus probandi* rests upon him. The cases upon this principle are referred to in Cowan & Hill's Notes, (p. 490, note 383, Ed., of 1843.) Among the cases are the familiar ones of a physician practicing without a license, a person peddling without a license, and the selling of spirituous liquors without a license. The prosecution need not prove the want of qualification.

In the more recent case of *Unite: States v. Cook*, 17 Wall., p. 168, this question is elaborately discussed, and all the leading cases bearing upon the question under discussion, from *Jones v. Axen*, 1 Lord Raymond, 120, were examined, and commented upon by the learned Justice who delivered the opinion; and, in our judgment, it is decisive of the question under consideration. The Court says: "Where a Statute defining an offense contains an exception, in the enacting clause of the Statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded on the Statute must allege enough to show that the accused is not within the exception; but if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused," and cites *Steel v. Smith*, 1 Barnwell & Alderson, 99, in support of the position. Again the Court says: "Commentators and Judges have sometimes been led into error by supposing that the words "enacting clause," as frequently employed, mean the section of the Statute defining the offense, as contra-distinguished from a subsequent section in the same Statute, which is a misapprehension of the term, as the only real question in the case is, whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omissions, or other ingredients constituting the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and must be shown by the opposite party, though it be in the same. section, or even in the succeeding sentence;" and cite as authority 2 Lead, Crim. Cas., 2d Ed., 12, etc.

The counsel for the plaintiff in error, on the argument, laid great stress upon the case of *Commonwealth v. Hart*, 11 Cushing, 130, which is among others by him quoted, *solus* in conflict with an overwhelming number *contra*, among which are Chit. Crim. Law, 283; Hawkins, P. C., chap. 25, section 113; Whar. Crim. Law, vol. 1, section 378; *Matthews v. State* 5, Yerger 233; *State v. Sommers*, 3 Vt., 156; *State v. Adams*, 6 N. H., 533; *People v. Nugent*, 4 Cal., 341; 1 Bish. Crim. Pro., section 639; *State v. Abbey*, 29 Vt.. 66; *State v. Powers*, 25 Conn., 48; *State v. Miller*, 54 id. 523; Arch, Crim., Pl., 15 Ed., 54; Stark, Crim. Pl., 246; *Gurly v. Gurly*, 8, Clarke & Finelly, 764; and 15 Peters, 445.

The Court in *United States v. Cook*, criticising the opinion in *Commonwealth v. Hart*, says: "When it is said that the rule of pleading a Statute which contains an exception is the same as that applied in pleading a private instrument of contract, that if such an instrument contains in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that otherwise would be included in it, a party relying upon the general clause in pleading may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but if *the exception itself is incorporated in the general clause* then the party relying on the general clause must, in pleading, state the general clause together with the exception," which appears to be correct; but the reasons assigned for the alternative branch of the rule are not quite satisfactory, as they appear to overlook the important fact in the supposed case that the exception itself is supposed to be incorporated in the general clause.

Where the exception itself is incorporated in the general clause, as is supposed in the alternative rule there laid down, then it is correct to say, whether speaking of a Statute or private contract, that unless the exception in the general clause is negatived in pleading the clause, no offense or no cause of action, will appear in the indictment or declaration when compared with the Statute or contract; but when the exception or proviso is in a subsequent substantive clause, the case contemplated in the enacting or general clause may be fully stated without negativing the exception

or proviso, as a *prima facie* case is stated, and it is for the party for whom matter of excuse is furnished by the Statute or contract, to bring it forward in his defense."

It is made apparent by these comments that the Supreme Court of the United States does not regard that as good law; is dissatisfied with the reasons assigned for the alternative branch of the rule, and is under the necessity of following it into the realm of imagination for a supposed case that does not bring it into line.

Apply the rules laid down in *United States v. Cook* to the case before the court and all difficulty is removed.

To illustrate: The offense in section one of the Code, *supra*, is clearly defined, and it is so entirely separable from the exception in section *two* that all the ingredients constituting it may be accurately stated without reference to the exception; *i. e.*, if any person shall set on fire any prairie lands in either of the months in the year (except July and August) he shall be deemed guilty. This is simple and easy of comprehension without reference to matters *dehors*.

The second is a substantive section; *i. e.*, any person at the time he desires to break his land for the purpose of destroying the stubble thereon, may set the same on fire *any time* in the year: *Provided,* he shall then have fifty feet in width plowed or burned over encompassing the place where the fire is set.

Section *three* is independent, except it refers to sections *two* and *one*, as follows: If the fire set as provided in section *two* should by negligence, etc., be permitted to spread beyond the bounds of the plowed or burned strip, then the person setting the fire shall be liable criminally as in section *one*.

Section *four* provides that any person, under certain circumstances, may set his prairie on fire "at any time between the 20th day of April and the 20th day of June to kill grasshoppers."

Section *five* refers to controlling and extinguishing the fire set as in section *four*, and section *six* is in relation to violating the provisions of section *five*.

We can readily conclude, from an examination of this Statute, that if the pleader should be obliged in order to bring himself within the rule, to negate the exception—if we may so call it—in

the *second* section, by the same rule he must also negative the exception in the *third* and in the *other* sections. Such a rule would be *reductio ad absurdum.* We shall employ no time refuting such a proposition.

To illustrate the mode of procedure in the trial of a prosecution like the one at bar: The defendant is arraigned and pleads not guilty to the indictment. The prosecution introduces evidence which tends to prove the allegations therein. The defendant defends against such proof, that at the time he set the fire he had some stubble land he was desirous of breaking and that he might lawfully set the fire, he burned over a strip of land at least fifty feet in width completely encompassing the place where the fire was set. The prosecution replies to this that the defendant intentionally or by negligence or carelessness permitted the fire to spread beyond the bounds of such strip.

Or, the defendant at this stage of the proceedings, if such be the fact, could defend on the ground that he set the fire for the destruction of grasshoppers; that he gave the proper notices, etc. The prosecution could reply that the defendant allowed the fire to spread beyond his control, and that he did not extinguish it the same day, as the Statute provides he should do.

I have thus exemplified the *modus operandi* under our Statute in regard to the setting of prairie fires, that it can the more readily be seen that the exceptions in other sections of the same chapter following the first, are not so incorporated with the enacting clause that the " one can not be read without the other;" and that the *first* section is complete in itself—from it alone the offense can " be accurately and clearly described in an indictment," and it is for the accused to excuse himself by virtue of those other sections.

We are clear in the opinion that this indictment is sufficient, and the judgment of the Court below is

AFFIRMED.

All the Justices concurring.