## COMMONWEALTH *vs*. FRANK CROSSLEY.

Middlesex.   December 6, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Intoxicating Liquors — Complaint — Insufficient Allegations.*

Under the Pub. Sts. c. 100, § 1, which enacts that "no person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized in this chapter," the second and third counts in a complaint which merely allege that the defendant " did unlawfully sell intoxicating liquors to a man whose name is to your complainant unknown " are insufficient; and the words that follow the third count, that " the complainant further says that all of said sales were made by [the defendant] without any lawful right or authority," are intended to apply to all the counts, and not to the third count alone.

COMPLAINT to the District Court of Central Middlesex, charging the defendant, in three counts, with selling liquor to a man whose name was to the complainant unknown.  At the trial, and before judgment, the defendant moved to quash the complaint for the reason that neither the second nor third counts thereof fully, plainly, substantially, and formally set forth any offence, inasmuch as in neither the second nor third count was the authority of the defendant to make the sale complained of sufficiently negatived.  Each of these counts alleged that on a certain day the defendant " did unlawfully sell intoxicating liquors to a man whose name is to your complainant unknown," and the complaint concluded with the words, " and the complainant further says that all of said sales were made by said Crossley without any lawful right or authority."  The motion was overruled, and the defendant was found not guilty on the first count, and guilty on the second and third counts ; and he appealed to the Superior Court.  The motion to quash was there renewed before the jury was impanelled, and was overruled by *Lilley*, J. ; and the defendant excepted.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*F. P. Curran*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

LATHROP, J.    It was expressly decided in *Commonwealth* v. *Byrnes*, 126 Mass. 248, that a complaint under the St. of 1875, c. 99, § 1, must negative the exception in the enacting clause, "except as authorized in this act," by the words "not having then and there any license, appointment, or authority according to law," or by other equivalent words, and that the averment that the act charged was unlawfully done was not enough.

The language of the St. of 1875, c. 99, § 1, is substantially the same as that of the Pub. Sts. c. 100, § 1, under which the complaint in the case at bar is brought; and the second and third counts are insufficient, unless the language which follows can be held to apply to one or both of these counts.

It is a general rule in criminal law, that each count of a complaint or an indictment must be sufficient in itself, and averments in one count cannot aid defects in another. To this rule there is an exception, which permits, for the purpose of avoiding repetition, a reference for some purposes from one count to another. An example of this is found in the complaint before us, where the complainant, in the second and third counts, is described as "the said complainant." The authorities on these points are fully stated in 1 Bish. Crim. Proc. (3d ed.) §§ 429–431.

The words that follow the third count are manifestly intended to apply to all the counts, and not to the third count alone, and cannot fairly be considered to be a part of that count unless they can be considered to be a part of the other counts. This method of pleading is slovenly, and is not to be encouraged. There is no precedent for it, so far as we are aware, in any adjudicated case or in any approved book of forms; and it violates the rule that each count must be complete in itself. The motion to quash the second and third counts should therefore have been granted.

*Exceptions sustained.*