## REGADANZ v. THE STATE OF INDIANA.

[No. 21,259.    Filed December 11, 1908.]

1. INTOXICATING LIQUORS. — *Statutes.* — *Constitutional Law.* — *Repeal.—Affidavits.*—Where an affidavit charged defendant with the unlawful possession of intoxicating liquors with intent to sell, and section one of the act of February 13, 1907 (Acts 1907, p. 27, §8337 Burns 1908) and section one of the act of March 16, 1907 (Acts 1907, p. 689, §8351 Burns 1908) define in the same language the keeping of such liquors with such intent as a misdemeanor, the Supreme Court, in disposing of said affidavit, will not determine whether the later act repealed the former, or whether the former act is constitutional.    p. 390.

2. INDICTMENT AND INFORMATION.—*Following Statute.—Charging Conjunctively.—Intoxicating Liquors.*—An affidavit following the language of §8337 Burns 1908, Acts 1907, p. 27, §1, making it a misdemeanor to keep, run or operate a place where intoxicating liquors are sold in violation of law, or to have liquors in one's

possession for such purpose, is sufficient, except that the matters mentioned disjunctively should be charged conjunctively.   p. 391.

3.  INDICTMENT AND INFORMATION.— *Intoxicating Liquors.— Statutes.—Negativing Provisos.*—An affidavit charging defendant with unlawfully having in his possession intoxicating liquors with intent to sell in violation of §8337 Burns 1908, Acts 1907, p. 27, §1, or §8351 Burns 1908, Acts 1907, p. 689, §1, need not negative the provisions therein exempting certain persons therefrom.   p. 391.

4.  SAME.— *Intoxicating Liquors.— Negativing License.*— An affidavit, under §8337 Burns 1908, Acts 1907, p. 27, §1, charging defendant with unlawfully having in his possession intoxicating liquors with intent to sell the same in violation of law, said defendant "not then and there having a license to sell intoxicating liquors, in less quantities than five gallons," is insufficient, since if the affidavit undertakes to show why defendant's sale would be unlawful, it must completely negative defendant's right to sell.   p. 391.

5.  SAME.—*"Unlawfully."—Failure to Aver Substantive Facts.—Intoxicating Liquors.*—An affidavit charging that defendant "unlawfully" had in his possession intoxicating liquors with intent to sell the same in violation of the law, defendant not having any license to sell in quantities less than five gallons at a time, is insufficient, the word "unlawfully" not being sufficient to show that defendant did not have a right, as a wholesaler, or a druggist, to sell such liquors.   p. 391.

6.  SAME.—*Construction.*—The sufficiency of a criminal charge must be determined from its general scope and structure.   p. 392.

7.  SAME. — *Intoxicating Liquors.—Licenses.—Description.*—In an affidavit charging that defendant had no "license to sell intoxicating liquors, in less quantities than five gallons, according to the laws of such State," the phrase "according to the laws of such State" is descriptive of the license to sell, and the charge does not import that defendant had no license.   p. 392.

8.  SAME.—*Meaning.—Ungrammatical Language.*—Ungrammatical language will not vitiate an indictment, where the meaning is plain.   p. 392.

9.  SAME.—*Language.—Doubt.*—Indictments should be drafted in concise language; and all uncertain allegations and substantial doubts must be resolved against the State.   p. 392.

10.  APPEAL.—*Constitutional Questions.—Avoidance of Decision On.*—Where a case can be decided otherwise, constitutional questions will not be determined.   p. 393.

11.  INTOXICATING LIQUORS. — *Seizure. — Destruction. — Nature of Proceedings.*—The procedure under §§8338-8350 Burns 1908, Acts 1907, p. 27, §§2-14, providing for the seizure and destruction of intoxicating liquors kept for the purpose of violating the law,

is in the nature·of a libel to procure the condemnation of such liquors. p. 393.

12. INTOXICATING LIQUORS.—*Destruction.*—*Procedure.*—*Defendants.* —Under §8342 Burns 1908, Acts 1907, p. 27, §6, where intoxicating liquors are seized, and a notice of the time for condemnation is posted upon the building where such liquors were found, other persons than the owner, or the defendant criminally charged, may defend against the destruction of such liquors. p. 393.

13. SAME.—*Destruction.*—*Procedure.*—The procedure for the seizure and destruction of liquors unlawfully kept includes the filing of an affidavit and the search thereunder (§8338 Burns 1908, Acts 1907, p. 27, §2), the subsequent posting of a notice on the building where the liquors were found, and a hearing as to the intended use of such liquors, and, if the intended use be found to be unlawful, an order should be made for their destruction (§8342 Burns 1908, Acts 1907, p. 27, §6) and this procedure is independent of the criminal charge required to be filed against the one in charge of such liquors (§8339 Burns 1908, Acts 1907, p. 27, §3). p. 393.

14. SAME.—*Destruction.*—*Costs.*—Section 8350 Burns 1908, Acts 1907, p. 27, §14, providing that upon a final judgment ordering the destruction of liquors designed for unlawful use, a reasonable compensation not to exceed $10 shall be taxed to the officer making the seizure, may, by construction, be limited to contested cases. p. 394.

15. SAME.—*Destruction.*—*Criminal and Civil Actions.*—*Procedure.* —The condemnation of liquors designed for unlawful use, and the prosecution of the criminal using them, under §§8338-8350 Burns 1908, Acts 1907, p. 27, §§2-14, are separate proceedings—the one civil, the other criminal—and they may be prosecuted in the same or different courts, at the same or different times. p. 394.

16. APPEAL. — *Records.*—*Intoxicating Liquors.*—*Seizure.*—*Destruction.*—*Affidavit.*—*Presumptions.*—Where the transcript, on appeal, shows that an order was made by the trial court in a case of a certain title and number to destroy certain liquors, and the affidavit in the criminal case bore the same number, the presumption is that such order to destroy was based upon the defendant's conviction in the criminal case, and not the result of a proceeding for the purpose, and was void for want of jurisdiction. p. 395.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Prosecution by The State of Indiana against Charles Regadanz. From a judgment of conviction, defendant appeals. *Reversed.*

*J. B. Kenner* and *Sumner Kenner,* for appellant.

*James Bingham,* Attorney-General, *George M. Eberhardt,* Prosecuting Attorney, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

GILLETT, J.—Omitting its formal parts, the affidavit herein, punctuated as it appears in the record, is as follows: "That Charles Regadanz on the 23d day of March, A. D. 1907, at and in said county aforesaid, was then and there unlawfully found in possession of intoxicating liquors, which intoxicating liquors were kept for the purpose of being sold by said Charles Regadanz, he, said Charles Regadanz, not then and there having a license to sell intoxicating liquors, in less quantities than five gallons, according to the laws of such State, contrary," etc. After unsuccessfully moving to quash, appellant entered his plea of not guilty, and the result of the trial was a verdict and judgment in favor of the State. The judgment was rendered February 15, 1908, and on the same day appellant's motion for a new trial was overruled. Five days later the prosecuting attorney filed a petition praying "that the intoxicating liquors in the above-entitled cause [The State of Indiana v. Charles Regadanz], in the possession of the sheriff, be by this court ordered destroyed according to section fourteen of the blind tiger law." (Acts 1907, p. 27, §8350 Burns 1908.) The petition was sustained, whereupon a judgment for the destruction of the property followed. The second and fourth assignments of error call for a review of the action of the court in overruling the motion to quash and in ordering the destruction of the liquors.

A number of questions are raised by appellant's counsel as to the constitutionality of the act of February 13, 1907 (Acts 1907, p. 27, §8337 *et seq.* Burns 1908), com-

1. monly known as the blind tiger law, and the question is also raised whether said act was repealed by the act of March 16, 1907 (Acts 1907, p. 689, §8351 *et seq.* Burns 1908) ; but as section one of each of said acts defines, in the same language, the offense sought to be charged, it is un-

necessary, for the purpose of disposing of the affidavit, to consider the questions thus raised. In section one of said acts the following language is found: "Any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor, and upon conviction shall be fined," etc.

Under the language just quoted we have no doubt that either of the offenses defined may be charged in the language of the statute, excepting only that the matters mentioned disjunctively should be charged conjunctively. *Donovan* v. *State* (1908), 170 Ind. 123; *Yazel* v. *State* (1908), 170 Ind. 535. As it is held in the cases just cited, it is not necessary to negative the provisos and limitations which are found in the statute; but the objection to the affidavit in question is that, if we eliminate the word "unlawfully," there is nothing to show that appellant's possession of the intoxicating liquors was for the purpose of selling, bartering or giving them away in violation of the laws of the State. The particular kind of a violation which the pleader sought to charge that appellant purposed was to sell without a license, and, having failed by averment to show that appellant was without a license which would authorize him to sell, the charge was insufficient. In other words, since the pleader saw fit to predicate the charge on the want of a license, he was at least bound to go far enough to show that the purposed sale would have been in violation of a license requirement. *State* v. *Pitzer* (1880), 23 Kan. 250; *State* v. *Sommers* (1830), 3 Vt. 156; 22 Cyc., 347. The word "unlawfully" was not sufficient for this purpose, for while it was a proper word to use in introducing the charge, yet, having departed from the language of the statute, the pleader was bound to show the commission of a crime by the averment of substantive facts.

*Terre Haute Brewing Co.* v. *State* (1907), 169 Ind. 242; *Commonwealth* v. *Crossley* (1895), 162 Mass. 515, 39

6. N. E. 278. The sufficiency of a criminal charge must be judged according to the force of its general scope and structure. *Terre Haute Brewing Co.* v. *State, supra.*

It may be, as the Attorney-General argues, that there is no such thing as a license issued under the laws of the State under which sales are confined to quantities of less than five gallons, yet the pleader evidently thought that there was, while the fact might have been that appellant was a licensed druggist, and as such was entitled to sell under the provisions of §§8351, 8352 Burns 1908, Acts 1907, p. 689.

It is, however, contended by the Attorney-General that we should indulge in a process of transposition, and read the affidavit as though the latter part thereof charged

7. that the "intoxicating liquors were kept for the purpose of being sold by said Charles Regadanz in a less quantity than five gallons, he, said Charles Regadanz, not then and there having a license to sell intoxicating liquors according to the laws of said State." As the affidavit is actually constructed, the phrase "according to the laws of the State" is descriptive of a license to sell in a less quantity than five gallons, while under the proposed substitution the affidavit would deny that the defendant had any license.

The theory suggested, however, is without practical value. It is true that ungrammatical, or awkwardly constructed, sentences will not vitiate where the meaning is plain

8. (*Ellis* v. *State* [1895], 141 Ind. 357), yet our criminal code provides that an indictment or information must contain "a statement of the facts constituting the offense in plain and concise language" (§2040 Burns 1908, Acts 1905, p. 584, §169), and it is a rule of pleading, both crimi-

9. nal and civil, that as to matters of substance it is not allowable to cast upon the opposite party the burden of correctly interpreting doubtful or uncertain allegations. To avoid this, all substantial doubts, on seasonable attack,

are to be resolved against the pleader. *Walker* v. *State* (1864), 23 Ind. 61; *State* v. *Locke* (1871), 35 Ind. 419; *State, ex rel.,* v. *Casteel* (1887), 110 Ind. 174; *Littell* v. *State* (1893), 133 Ind. 577; *Terre Haute Brewing Co.* v. *State, supra.* The court below erred in overruling the motion to quash.

We proceed now to consider the order for the destruction of the liquors. Appellant's counsel assail the validity and continued operation of sections two to fourteen of the act of February 13, 1907 (Acts 1907, p. 27, §§8338-8350 Burns 1908); but, as this case can be disposed of upon the assumption that said sections are valid and still in force, we shall not enter upon a consideration of the questions thus raised, but shall look only to the general nature of the legislative scheme to aid in determining whether the court below had authority to make the order that it did.

As we construe the procedure provided for by said act relative to the seizure and destruction of intoxicating liquors, the intendment of the lawmaking power was that the procedure should be in the nature of a libel to procure the condemnation of the liquors. See 25 Am. and Eng. Ency. Law (2d ed.), 152, 154; 23 Cyc., 292, 299; *State* v. *Derry* (1908), *ante,* 18. Upon any other construction it would be impossible to condemn the property where no arrest was made, although it is evident that §8342, *supra,* contemplates a condemnation in cases where no person is found in possession of the premises, or claiming ownership of the liquors. So the fact might be, under the latter part of said section, that a person, other than the owner found in possession, or proceeded against criminally under §8339, *supra,* might appear and contest the proceeding to condemn. It is to be noted, too, that §8350, *supra,* relative to the final judgment, refers to it as based on the "affidavit or *complaint* provided for in section two [§8338, *supra*]" (our italics), which is the affidavit for search referred to in said section and also

in §8340, *supra,* which is a wholly different affidavit from that provided for in §8339, *supra,* which provides for the charging of persons with a violation of law. It is evident that under §8342, *supra,* after the seizure and taking possession of the property, the posting of a copy of the search-warrant (in the cases provided for), and the making of return, the court before whom the proceedings were had should have fixed a time for determining the purpose for which such liquors were kept, and the section requires that the court shall issue a notice of the hearing to the officer, who shall post a copy on the building or premises where the liquors were found. This is the provision which is designed to give jurisdiction to hear and determine as against all persons, although by the latter part of said section it was evidently contemplated that persons who did not appear at the hearing might appear within thirty days, at least for certain purposes.

The only objection which might be urged to the view that the proceedings to condemn the liquor are independent of the criminal proceedings is that §8350, *supra,* provides for the taxing of a compensation, not exceeding $10, to be collected as costs in the case, upon a return showing the destruction, in favor of the officer who seizes and keeps the property, but the difficulties involved in the opposite holding are insuperable, while the provision for compensation may, by construction, be limited to cases where some person appears and contests the condemnation.

The legislative scheme being as indicated, it results that the proceedings, civil and criminal, provided for by the act, are separate, and may be instituted at different times and before different courts. It therefore follows that authority to order the destruction of the property is not an adjunct of the power to determine the guilt or innocence of the possessor.

The evidence in this case shows that there had been a seizure of the intoxicating liquors of appellant under a

search-warrant, and the Attorney-General makes the point that the validity of such judgment cannot be considered because the affidavit on which the search-warrant is based is not in the record, but as the record entries show that the petition to destroy was filed in the case of The State of Indiana v. Charles Regadanz, No. 1,781, which was the same title and number of the case in which a judgment imposing a sentence of a fine and imprisonment was rendered against appellant, and that under the same title and number the judgment of destruction was rendered, we can only assume the fact to be that such judgment was designed to have for its basis the conviction of appellant, and was not the result of a hearing and determination in a proceeding *in rem*. The court is therefore shown to have been without jurisdiction in the case before us to render judgment against the property.

The judgments are reversed, and the court is ordered to quash the affidavit on which appellant was convicted.