## LIPSCHITZ v. THE STATE OF INDIANA.

[No. 22,006. Filed January 5, 1912.]

1. INDICTMENT.—*Affidavit.*—*Sufficiency.*—An affidavit charging defendant with the commission of a crime, stating the facts with such a degree of certainty that the court may pronounce judgment according to the right of the case, is sufficient, no greater certainty being required than in civil pleading. p. 674.

2. WEIGHTS AND MEASURES.—*Cheating.*—*Fraud.*—*Indictment.*—An affidavit under §2606 Burns 1908, Acts 1905 p. 584, §694, providing that "any person * * * who knowingly reports any false or untrue weight or measure, whereby any person may be defrauded or injured" shall be fined, which charges the offense substantially in the language of the statute, is sufficient. p. 675.

3. WEIGHTS AND MEASURES. — *Shortage.* — *Fraud.* — *Evidence.* — Evidence that defendant junk-dealer weighed certain goods picked and assorted by his employes, that he reported the weight thereof at 730 pounds, that the city inspector of weights and measures weighed them and found the true weight to be 831 pounds, that such employes received a certain sum per pound for their services, that defendant changed, on his book, the figure "7" to "9," thereby making the weight 930, that at the time of the trial he had paid such employes for only 730 pounds, even if the fraud had not been consummated, sustains a conviction for a violation of §2606 Burns 1908, Acts 1905 p. 584, §694, providing that "any person * * * who knowingly reports any false or untrue weight or measure, whereby any person may be defrauded or injured," shall be fined. p. 675.

From Criminal Court of Marion County (39,771) ; *Joseph T. Markey,* Judge.

Prosecution by The State of Indiana against Moses Lipschitz. From a judgment of conviction, defendant appeals. *Affirmed.*

*Frank C. Groninger* and *Taylor C. Groninger,* for appellant.

*Thomas M. Honan,* Attorney-General; *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

Cox, J.—Appellant was prosecuted by affidavit in the city court of the city of Indianapolis for knowingly report-

ing a false and untrue weight, in violation of §2606 Burns 1908, Acts 1905 p. 584, §694. From a conviction in that court he appealed to the Criminal Court of Marion County, was tried by the judge, without the intervention of a jury, and was again convicted, and fined $50.

From the judgment of the criminal court appellant appeals, and here contends that the trial court erred in overruling his motion to quash the affidavit on which his conviction rests and in overruling his motion for a new trial.

Section 2606, *supra,* defines two offenses connected with frauds in weights and measures, and, to the extent that it is involved in this case, it reads as follows: ''Any person owning, or having charge of scales, measures or steelyards, for the purpose of weighing or measuring any property, who knowingly reports any false or untrue weight or measure, whereby any person may be defrauded or injured, shall, on conviction, be fined not less than ten dollars nor more than one hundred dollars.''

The affidavit is assailed by the motion to quash for lack of facts sufficient to constitute a public offense and for failing to state the offense with sufficient certainty.

1. While it is not a model pleading, and might have stated the charge against appellant with greater particularity and technical certainty, we think it fairly measures up to the requirement of the code. It is only necessary that an offense be stated in the indictment or affidavit with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case. §2062, subd. 5, Burns 1908, Acts 1905 p. 584, §191.

No greater certainty is required than in civil pleadings. *McCool* v. *State* (1864), 23 Ind. 127; *State* v. *Sarlls* (1893), 135 Ind. 195; *Lane* v. *State* (1898), 151 Ind. 511; *Brunaugh* v. *State* (1910), 173 Ind. 483; *Lay* v. *State* (1895), 12 Ind. App. 362; *Nichols* v. *State* (1902), 28 Ind. App. 674.

It has been held that an affidavit charging a violation of

this section that states the offense in the language of the statute is sufficient. *Zinns* v. *State* (1895), 13 Ind.
2. App. 396. Under these rules the affidavit under consideration must be held sufficient.

To support the second assignment of error, it is insisted by counsel for appellant that the finding of the trial court is contrary to law and not supported by sufficient
3. evidence. The evidence, as favorable to appellant as it may be stated, shows that appellant, at the time of the alleged commission of the offense, was a junk-dealer, with his place of business in the city of Indianapolis. Sarah Tinder worked for him, ripping up old clothes, and separating the cotton from the woollen goods at a fixed price per hundred pounds for the woollen goods, and by arrangement with appellant she had her blind husband to work with her. The rags were assorted, placed in sacks, and weighed at the end of each week, and the woman was then paid, at the rate for which the work was to be done, for the weight of material she and her husband had finished during the week. On the day of the alleged offense, appellant, when the woman went to him at the customary time for her pay, and asked him to weigh the work, told her he had weighed it before her arrival, and that it weighed 730 pounds. He kept scales for that purpose, and the sacks containing the work were still there. She asked him why he had weighed her work without her seeing it done, and he replied that the weight was correct; that he would not cheat her. Before the woman was paid, Isidor Wulfson, the city inspector of weights and measures, came with his deputy to appellant's place of business, inquired about the transaction, and insisted on weighing the sacks containing the work done by the woman and her husband, whereupon appellant changed the record of the weight which he had made on his books, by making a figure nine out of the figure seven, thus making the recorded weight 930 pounds. Wulfson weighed the sacks of material, and, making full allowance for the weight

of the sacks, found the correct weight to be 831 pounds. He then placed appellant under arrest, and this prosecution ensued. Nothing was paid on this work until the trial of appellant in the city court, when appellant paid for 730 pounds, but not for the 101 pounds which was the excess of the actual weight over the false weight, and at the time of the trial this had not been paid.

Counsel insist that there can be no violation of §2606, *supra,* unless the transaction involved has been completed, and some one has been actually defrauded by the false report of a weight. We cannot yield our assent to the contention of counsel that however fraudulent the intent may be in the mind of the one making such false report, loss or injury must result to some one before the offense is completed. This provision is among those of the criminal code enacted to define offenses against honest dealing, and its plain purpose is to prevent and punish fraud, the purpose of which is to harm or injure another. In such cases, where the one charged has committed the prohibited act, with the unlawful intent to defraud another, he has completed his offense, and cannot be absolved because his wrongful conduct and purpose did not reach a successful conclusion. In this class of offenses may be named those of making and presenting false claims and forgery, defined by §§2586, 2587 Burns 1908, Acts 1905 p. 584, §§675, 676, in neither of which is guilt dependent upon the successful accomplishment of the fraudulent purpose.

We think the evidence reviewed shows that appellant knowingly reported a false and untrue weight to the woman, with the intention of defrauding her. That his wrongful purpose was not accomplished, was no fault of his. But if the contention of counsel, that the fraud must be successful and harm done before punishment can follow, be conceded to be the correct interpretation of the statute, still we would not be warranted in reversing the conviction, for the woman

testified that she had not been paid for the 101 pounds over the false weight, and there was no evidence to the contrary. Judgment affirmed.