## RIDGE v. STATE OF INDIANA.

[No. 24,103.   Filed January 24, 1923.]

1. EMBEZZLEMENT. — *Joint Stock Companies and Business Trusts.— Common-Law Trust Association.— Capacity to Hold Title to Property.*—A common-law trust association is capable of taking and holding title to property, and one appropriating its property to his own use may be guilty of embezzlement. p. 642.

2. EMBEZZLEMENT. — *Affidavit.— Averments.— Ownership of Property Embezzled.— Statutes.*— Under §2285 Burns 1914, Acts 1905 p. 584, §392, as to embezzlement by employes, it is not necessary to allege in the affidavit or indictment that the owner of the property embezzled had an absolute title thereto. p. 642.

3. INDICTMENT AND INFORMATION.— *Sufficiency.— Certainty.*— The true test of the sufficiency of an indictment is whether the material averments thereof are stated with such certainty as to apprise the defendant of the nature and character of the charge against him. p. 643.

4. EMBEZZLEMENT.— *Elements.— Intent to Feloniously Appropriate Property.*—In embezzlement an intent to feloniously appropriate the property at the time of the appropriation is essential, and, if the appropriation is made upon the belief, honestly entertained by the accused, that he has lawful title to the property or the right to appropriate it, the act is not criminal. p. 644.

5. EMBEZZLEMENT.—*Jury Questions.—Intent.*—In a prosecution for embezzlement under §2285 Burns 1914, Acts 1905 p. 584, §392, the question of fraudulent intent of defendant, a sales-

man of corporate stock, in appropriating the proceeds of a sale of stock, held for the jury. p. 644.

6. EMBEZZLEMENT.— Fraudulent Intent.— Instructions.— In a prosecution for embezzlement under §2285 Burns 1914, Acts 1905 p. 584, §392, as to embezzlement by employes, the refusal of the court to instruct that it was incumbent upon the state to show beyond a reasonable doubt that the alleged appropriation by defendant was made with a felonious and fraudulent intent, and that, if at the time of the appropriation, defendant honestly believed that he had a right to take the property, he should be acquitted, was reversible error, where no other instruction was given embracing the principle stated in the instruction refused. p. 645.

7. CRIMINAL LAW.— Reasonable Doubt.— Instructions.— An instruction that defendant is presumed to be innocent of any crime, and this presumption remains with him throughout the trial until each juror is convinced of the guilt of defendant by the evidence beyond a reasonable doubt, and the evidence is sufficient to remove a reasonable doubt when it is sufficient to convince the judgments of ordinarily prudent men of the truth of a proposition with such force that they would act upon that conviction, without hesitation, in their own most important affairs and when they are not under compulsion to act, is incomplete on the law of reasonable doubt, in that it fails to inform the jury that a reasonable doubt may arise from the want of evidence, as well as from the evidence itself; and where the court failed to supply such omission in other instructions, it was error for the court to refuse a tendered instruction to the effect that a reasonable doubt may arise from the evidence, or it may arise from lack of evidence, and that defendant is not required to establish any fact which would entitle him to an acquittal by any degree of evidence, etc. p. 646.

8. CRIMINAL LAW.—Weight of Evidence.—Credibility of Witnesses.—Instructions.—An instruction concerning the weight of the evidence and credibility of witnesses, which informed the jury that "If there is a conflict appearing in the testimony of the different witnesses, it is the duty of the jury to reconcile such conflict as far as may be in their power upon the theory that each witness has sworn to the truth, but when this cannot be done, then the jury have the right to determine whom they will believe and whom they will not believe, is not a complete statement of the law upon the subject embraced therein, so that the refusal of an instruction to the effect that a presumption of innocence remains with defendant throughout the trial, and that it is the jury's duty, if it can be consistently

Ridge *v.* State—192 Ind. 639.

done, to reconcile all the evidence in the case upon the theory of the defendant's innocence, and that the defendant should not be convicted so long as any member of the jury had any reasonable doubt of his guilt arising from the evidence or the lack of evidence, was harmful error, in the absence of any instruction containing the proposition of law embraced therein. p. 647.

From Crawford Circuit Court; *Thomas J. Wilson,* Judge.

Prosecution by the State of Indiana against Gilbert F. Ridge. From a judgment of conviction, the defendant appeals. *Reversed.*

*Arnold J. Padgett* and *Arthur A. Clark,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The appellant was convicted of a violation of §2285 Burns 1914, Acts 1905 p. 584, §392. The prosecution was by affidavit in two counts. The first count charged the embezzlement of $10,828.12 in money, and the second count charged the embezzlement of three promissory notes dated March 1, 1921, and being in the aggregate sum of $14,437.50. Each of the counts charged that the property alleged to have been embezzled was the property of the English-Princeton Oil Company, a common-law trust association; that the appellant was an employe of such English-Princeton Oil Company.

Appellant filed a motion to quash each count of the affidavit, for the reason that the facts stated in said affidavit do not constitute a public offense, and, second, that the said counts of the said affidavit do not state the offense with sufficient certainty. The motion to quash was overruled by the court, and defendant excepted, and the alleged error is one of the questions brought to this court for decision.

The particular objection to this affidavit as pointed out by the appellant is that—"Each count of the affidavit is defective in this: The property alleged to have been embezzled is not alleged to have been the property of any person."

The appellant contends that the English-Princeton Oil Company, stated in the affidavit to be the owner of and entitled to the possession of the money and property alleged to have been embezzled was not recognized in law as a person capable of taking and holding title to property. We think this position is untenable. The statute upon which this prosecution is based recites: (§2285 Burns 1914, *supra*)

"Every officer, agent, attorney, clerk, servant or employe of any person, firm, corporation or association, who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, or who shall knowingly permit any other person to take, purloin, secrete or in any way appropriate to his own use, or to the use of others, any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, firm, corporation or association in whose employment such officer, agent, attorney, clerk, servant or employe may be, shall be deemed guilty of embezzlement, * * *."

Under this statute it is not necessary to allege that the owner of the property alleged to have been embezzled had an absolute title to the property. *Waterman* v. *State* (1888), 116 Ind. 51, 18 N. E. 63; *Wynegar* v. *State* (1901), 157 Ind. 577, 62 N. E. 38; *Laycock* v. *State* (1894), 136 Ind. 217, 36 N. E. 137.

Was the offense stated with sufficient certainty? The

true test of the sufficiency of an indictment is whether the material averments thereof are stated with

3. such certainty as to apprise the defendant of the nature and character of the charge against him. *Woodward* v. *State* (1885), 103 Ind. 127, 2 N. E. 321; *Whitney* v. *State* (1858), 10 Ind. 404. See, also, *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *State* v. *Cameran* (1911), 176 Ind. 385, 96 N. E. 150; *Lipschitz* v. *State* (1912), 176 Ind. 673, 96 N. E. 945.

We think the affidavit sufficient to apprise the defendant of the nature and character of the charge against him. The motion to quash each count was properly overruled.

The appellant claims that the court erred in refusing to give certain instructions tendered by him.

There is evidence to the effect that appellant sold 350 shares of the stock of the company to Fred J. Meyer, at $165 per share; that at the time of signing the subscriptions for said stock Fred J. Meyer executed three notes in the aggregate sum of $14,437.50, being twenty-five per cent. or one-fourth of the total purchase price of said stock; that the notes were executed payable to Fred J. Meyer, and signed by him and then endorsed by him and delivered to appellant. Afterward Meyer repudiated his subscription and claimed that he did not intend to subscribe for any more stock than the amount the notes would pay for, which was eighty-seven and one-half shares. After some negotiation, Alson Roberts, president of the company, sent a certificate of stock for Meyer for eighty-seven and one-half shares to Mr. Meyer's attorney in Vincennes.

Meyer testified that he did not know how many shares of stock he bought from the appellant in the company, but he thought that the notes which he gave covered the entire amount of stock which he bought; that his signature to the subscription card was genuine; that appellant

gave him the receipt at the time he signed the card and notes, which receipt stated that he had given the notes for one-fourth of the purchasing price for 350 shares of stock and that he had kept that receipt in his possession until he turned it over to his attorney.

The undisputed evidence in the case was that appellant was to receive twenty-five per cent. commission on all sales made by him. Appellant testified that the agreement between himself and the trustees was that he would have a right to retain the commission on all sales made by him and that he was only required to account for the balance of the purchase price of the stock sold by him. The testimony on behalf of the state was to the effect that appellant was to retain the twenty-five per cent. of the purchase price of the sale of stock on the first ten shares sold by him and thereafter he was to turn all of the proceeds of the sale in to the company and be paid the twenty-five per cent. commission.

In embezzlement an intent to feloniously appropriate the property, at the time of the appropriation, is essential, and, if the appropriation is made upon the 4. belief, honestly entertained by the accused, that he has lawful title or right to appropriate it, the act is not criminal. *Beaty* v. *State* (1882), 82 Ind. 228, 232. See, also, Ewbank, Criminal Law §826.

It is the claim of the appellant in this case that he kept the money and notes which he is charged with embezzling under the honest belief that he had a 5. right so to do under his contract with the trustees of the English-Princeton Oil Company. If this defendant, charged with the crime of embezzlement, honestly believed that he was entitled to appropriate said property under the terms of the contract with his employer, then he would not be guilty of embezzlement even if it should afterwards turn out that his claim thereto was unfounded and that in fact he was not en-

titled to do so.   The question of fraudulent intent was a proper matter for the consideration of the jury. *Beaty* v. *State, supra.*

The defendant tendered instruction No. 14, based upon that proposition of law, and said instruction is as follows:   "The court instructs you that if you should find from the evidence beyond a reasonable doubt, that the defendant, at Crawford County, Indiana, on or about the 10th day of March, did, as an agent and employe of the English-Princeton Oil Company, secrete, purloin, and appropriate to his own use the money or notes or some part thereof, as charged in the affidavit, it would still be incumbent upon the State to convince you by the evidence beyond a reasonable doubt, that such appropriation by the defendant was done with a felonious and fraudulent intent.   Therefore, if it appears from the evidence that the defendant at such time and place believed that he had a right to take and appropriate such money or property to his own use, or believed that, under the contract of employment existing between him and the English-Princeton Oil Company, he had a right to retain said money or notes as and for his compensation, then he would not be guilty of embezzlement, even though it should turn out that in law and in fact that he had not such right.   And if you find that the defendant did appropriate any of the said money or notes to his own use in Crawford County and if there is a reasonable doubt in your minds as to whether the defendant believed he had a right so to do, then it should be your duty to find the defendant not guilty."

This instruction was refused and the court did not give the jury any instruction embracing the principle stated therein.   This was reversible error.

The appellant claims that the court erred in refusing to give instruction No. 15, tendered by the defendant.

The attorney-general contends that there was no error in refusing to give this instruction, as the court gave a sufficient instruction on reasonable doubt, in instruction No. 3.

Instruction No. 3, given by the court, of its own motion is as follows: "The defendant is presumed to be innocent of any crime and this presumption of innocence remains with him throughout the trial until the close of your deliberations and until each juror is convinced of the guilt of the defendant by the evidence beyond a reasonable doubt.

"The evidence is sufficient to remove a reasonable doubt when it is sufficient to convince the judgments of ordinarily prudent men of the truth of a proposition with such force that they would act upon that conviction, without hesitation, in their own most important affairs and when they are not under compulsion to act."

We cannot agree that this instruction is a sufficient instruction on reasonable doubt. It will be observed that in said instruction the court states to the jury what evidence is sufficient to remove a reasonable doubt, but nowhere in the instructions of the court does the court inform the jury that a reasonable doubt may arise from the want of evidence as well as from the evidence itself. This instruction is incomplete as presenting the law upon reasonable doubt.

The appellant tendered instruction No. 15, which is as follows: "The state is bound to prove all of the material allegations in at least one count of the affidavit to your satisfaction beyond a reasonable doubt before it would be entitled to a verdict of guilty at your hands. A reasonable doubt may arise from the evidence or it may arise from lack of evidence. The defendant is not required to establish any fact which would entitle him to an acquittal by any degree of evidence, so that, if the whole evidence or the lack of evidence leaves a reason-

Ridge *v.* State—192 Ind. 639.

able doubt in your mind or the mind of any one of you as to his guilt of the offense charged in the affidavit then you cannot find the defendant guilty.". This instruction is correct and should have been given.

The attorney-general also claims that there was no error in giving instruction No. 4 on the court's own motion. Instruction No. 4, purports to instruct the jury concerning the weight of the evidence and credibility of witnesses, and it contains this clause: "If there is a conflict appearing in the testimony of the different witnesses, it is the duty of the jury to reconcile such conflict as far as may be in their power upon the theory that each witness has sworn to the truth, but when this cannot be done, then the jury have the right to determine whom they will believe and whom they will not believe." This is not a complete statement of the law upon that subject. The appellant tendered instruction No. 3, which is as follows: "Under the law it is your duty to presume the defendant in this case to be innocent of the crime charged against him and this presumption remains with him step by step throughout this trial and it is your duty, if it can be consistently done, to reconcile all the evidence in this case upon the theory that the defendant is innocent, and, so long as any one of you have, from the evidence or the lack of evidence in the case, a reasonable doubt of his guilt, he should not be convicted."

The court refused to give this instruction and no instruction was given embracing the same proposition of law. This instruction should have been given and the refusal to give it was harmful error. See *Farley.* v. *State* (1891), 127 Ind. 419, 26 N. E. 898.

For errors above pointed out, the judgment is reversed with instructions to sustain appellant's motion for a new trial.