LODYGA AND MANTYCH *v.* STATE OF INDIANA.

[No. 25,266.   Filed January 28, 1932.   Rehearing denied May 11, 1932.]

*George Kurtz, Walter R. Arnold* and *Charles W. Lewinski,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MYERS, J.—This prosecution was begun January 25, 1926. The date of each offense named in the affidavit is "on or about the — day of April, 1925." The State's evidence fixes the date April 24, 1925. On proclamation of the Governor, the acts of 1925 were not in force until 4 o'clock p. m. April 25, 1925.

Looking to the affidavit, appellants were charged in four counts with: (1) Unlawfully having in their possession and under their control a still and distilling apparatus for the manufacture of intoxicating liquor, ch. 33, Acts 1923 p. 107; (2) unlawfully manufacturing intoxicating liquor, ch. 23, Acts 1923 p. 70; (3) unlawfully transporting intoxicating liquor in automobiles, ch. 34, Acts 1923 p. 108; and (4) unlawfully conspiring and confederating together, each with the other, for the purpose of committing a felony, to wit, "the unlawful and felonious possession and control of stills and distilling apparatus and the transportation of intoxicating liquor in automobiles in said state," Acts 1905 p. 584, §2882 Burns 1926.

Lodyga was convicted on all four counts separately, and Mantych on all separately except the third. Judg-

ment and sentence accordingly. The errors here assigned challenge the court's action in overruling the separate motion of each appellant to quash the fourth count of the affidavit; overruling their separate motions for a new trial; overruling their separate motions in arrest of judgment; and in overruling their separate motions to modify each judgment.

The alleged fatal defects in the fourth count are: Insufficient facts to state a public offense; failure to charge a public offense with sufficient certainty; and that it charges a conspiracy to commit two separate and distinct felonies and for that reason bad for duplicity.

A conspiracy is defined by statute, §2882, *supra,* as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state," etc. It is true, as claimed by appellant, the affidavit, to be good as against a motion to quash, must not only state facts showing a conspiracy, but the facts constituting the felony with the same particularity. *Hinshaw* v. *State* (1919), 188 Ind. 147, 150, 122 N. E. 418; *Williams* v. *State* (1919), 188 Ind. 283, 288, 123 N. E. 209. Particularity and certainty in criminal pleading is met by "a statement of the facts constituting the offense in plain and concise language" (§2202 Burns 1926, cl. 2), by which the defendant is apprised of the nature and character of the charge against him, and, in case of a conviction, the court may pronounce judgment according to the right of the case. *Ridge* v. *State* (1923), 192 Ind. 639, 137 N. E. 758; *Lipschitz* v. *State* (1912), 176 Ind. 673, 96 N. E. 945; *State* v. *Ensley* (1912), 177 Ind. 483, 97 N. E. 113, Ann. Cas. 1914D

1306. So that, when a statute defines an offense and states specifically what acts constitute it, an indictment or affidavit in the language of the statute is sufficient. *Kistler* v. *State* (1921), 190 Ind. 149; 152, 129 N. E. 625, and cases there cited.

The count of the affidavit in question charges that these appellants and one Joe Graczyk did, at a certain time and place, "unite, conspire and confederate with the other for the purpose of committing a felony in the state of Indiana, to wit, the unlawful and felonious possession and control of stills and distilling apparatus and the transportation of intoxicating liquor in automobiles in said state, contrary," etc. It seems to us the language used in the fourth count of this affidavit fails to state the purposed possession of the stills and distilling apparatus, essential in charging a felony under Acts 1923, *supra,* and this language must be treated as surplusage. It does charge, however, that appellants and another did confederate together for the purpose of transporting intoxicating liquor in an automobile. Since the transportation of intoxicating liquor in an automobile is made a felony in this state (ch. 34, *supra*), it follows that the pleaded facts were sufficient to apprise them of the nature and character of the charge they would be called upon to meet, and that a conviction or acquittal could be successfully pleaded in bar of another action for the same offense, and this is all the law requires. *Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149.

At this point, we may notice the contention in support of the motion in arrest of judgment. This motion challenges each count of the affidavit on the ground that no one of them states facts sufficient to constitute a public offense, for the reason that it is not unlawful in Indiana to possess a still or distilling device except for the purpose of manufacturing intoxi-

cating liquor in violation of the laws of this state, and that the transportation of all intoxicating liquors in Indiana is not prohibited by law. The two foregoing alleged defects are directed to the first, third and fourth counts, and special insistence is urged as to the fourth count. The first and third counts are each in the language of the statute defining the offenses. It is true, the statute upon which count three is predicated has a proviso permitting the transportation of intoxicating liquor for purposes not prohibited by existing law, thus recognizing, as appellants say, that there may be a lawful transportation of such liquors, but the proviso exception is not a part of the definition of the offense and, being separated therefrom, the State is not required to allege or prove such negative. *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748; *Busch* v. *State* (1926), 197 Ind. 173, 150 N. E. 58. In addition, it may be said that each of the first three counts separately alleged unlawful acts which were connected directly with and limited to statutory forbidden acts pertaining to intoxicating liquor. The motion in arrest challenged the fourth count on the ground of insufficient facts to state a public offense, but this count in that respect was tested by a motion to quash, and, being good as against that motion, it would not be subject to a motion where less strictness in stating material facts is required. *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657. The motion to quash as also the motion in arrest were properly overruled.

Appellants, in support of their separate motions for a new trial, insist that the verdict was contrary to law, for the reason that there was no competent evidence tending to prove facts essential to support the verdict. The court admitted in evidence two complete stills, two sets of coils for stills, and one five-gallon can, over these appellants' several objections that these exhibits were found and

seized in Olive Township, St. Joseph County, Indiana, by a deputy sheriff of that county by virtue of a search warrant issued by a justice of the peace in Portage Township, St. Joseph County; that a proceeding to obtain a search warrant is a civil action. *Kirkland* v. *State* (1904), 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. 25, 2 Ann. Cas. 242; that a justice of the peace of one township has no jurisdiction to issue a search warrant for use in another township. §1873 Burns 1926. Furthermore, the search warrant in question was indefinite and uncertain in that the premises to be searched were not described with sufficient certainty. The case of *Kirkland* v. *State, supra,* cited by appellants, was a proceeding *in rem* for the destruction of certain intoxicating liquor which had been seized by virtue of a search warrant, and it was there held that such a proceeding was in the nature of a civil action and should be tried as civil causes are tried. This court has also so held in *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N. E. 449; *Campbell* v. *State* (1909), 171 Ind. 702, 87 N. E. 212; *Steward* v. *State* (1913), 180 Ind. 397, 103 N. E. 316. None of these cases decide the question at present under consideration.

At the time the search warrant in question was issued and executed, justices of the peace were authorized to issue such warrants "to search any place for a still or distilling apparatus." Acts 1923 p. 107, §2; Acts 1917 p. 15, §25. The application for, the issuance of, and the execution of the search warrant were *ex parte* activities and governed entirely by statute. The function of a search warrant is authority to an officer for the taking into his custody of the property or articles alleged to be concealed in a designated place contrary to law, or devoted to an alleged unlawful or criminal use, but it cannot lawfully issue in aid of private rights. It is, in its nature, a writ of discovery employed

by the State for the purpose of procuring relevant evidence of a crime (*Snedegar* v. *State* [1926], 198 Ind. 182, 150 N. E. 367), and concerns the public at large as distinguished from the ordinary civil action involving the rights of private persons. *State* v. *Derry* (1908), 171 Ind. 18, 85 N. E. 765. Neither of the statutes on this subject to which we have referred, nor does §2085 Burns 1926, Acts 1905 p. 584, §56, specifically limit the jurisdiction of a justice of the peace to issue a search warrant for use in any particular territory, nor is the jurisdiction of such justice restricted by the value of the articles seized or to be seized. A search warrant is a process, and the authority of a justice of the peace to issue the same, it seems to us, is analogous to his authority "on complaint made on oath before him, charging any person with the commission of any felony or misdemeanor," to issue a warrant for the arrest of such person "which may be served throughout the county." §2092 Burns 1926, Acts 1905 p. 584, §62. We, therefore, hold that the jurisdiction of a justice of the peace to issue a search warrant, as to the place to be searched, is coextensive with the limits of the county of which his township is a part.

It is next claimed that the search warrant did not describe the place to be searched with sufficient certainty. It is true, as appellants insist, that the affidavit upon which a search warrant issues must describe the place to be searched with such particularity as to leave no discretion to the officer. *LeJuste* v. *State* (1926), 197 Ind. 327, 150 N. E. 791.

The affidavit, with respect to the place, stated: "And concealed in or about the house, buildings, and premises situate at the street number known as 9 miles southwest of South Bend on the Tamarack road first house south of Inwood road on east side of Tamarack road in the county of St. Joseph and state of

Indiana, section 28 of Olive Township." The information thus furnished directs the officer to a place in the country and to a certain house, and he is told by the affidavit that the articles to be seized are "concealed in or about the house, buildings, and premises" there situate. The words "section 28," as they appear in the affidavit, without the town and range numbers, have no probative value, for the reason the township may be so bounded as to include more than one section of the same number. The evidence at the trial locates the section near the village of Crumstown. Furthermore, the officer who made the affidavit visited the place where the stills were located and had seen them at work less than two hours prior to making the affidavit. In conclusion, we hold that the search warrant was sufficient to withstand the objections here urged against it, and that the articles seized by virtue thereof were admissible in evidence at the trial of these appellants. For the sake of the argument, however, let us suppose that the affidavit was insufficient. The exhibits—stills and distilling apparatus —in the possession of the officer and admitted in evidence, were taken from premises in the possession and under the control of another, who was not a party to this action. The evidence shows a permissive but not an exclusive use of the premises where the stills were found.

Appellants also complain of the action of the court in giving instructions Nos. 5 and 7. No. 5 merely quoted the statute, §2882 *supra,* defining a conspiracy to commit a felony. It is said that this instruction has no evidence to support it. No. 7 was on the subject of reasonable doubt by which the jury was told: "To determine the question of reasonable doubt, you may take into consideration all of the evidence in the case." It is said that this instruction is erroneous for the reason it permits the jury to consider "*all* of the evidence

in the case," when there was evidence before the jury touching the operation of stills to the knowledge of appellants at a time and place other than that relied upon by the State to support a conviction. A witness for the State who was employed by appellant Mantych to assist one Joe Graczyk in operating the stills, testified, in substance, that he began work on Tuesday at a place about three miles from where the stills were found. On the following Friday night, these appellants, Mantych in a Hupmobile, Lodyga in a Nash, and a colored fellow driving a truck, took charge of the stills and apparatus connected therewith by placing one of the stills in each of appellants' automobiles and the barrels and other paraphernalia were loaded on the truck and all taken to the farm and placed in the barn where, on the following Friday night, they were found and taken possession of by the officers. On Saturday morning following their removal to the new location, the witness, in connection with both of these appellants, assembled these stills and prepared 16 or 18 barrels of mash, consisting of sugar, yeast and water. On Tuesday night, the stills were started, and on Wednesday, Lodyga took away with him 30 gallons of whisky. Mantych was there that afternoon. The stills were in continuous operation from that time until the witness and two other parties were arrested. At the time of the arrest, they had on hands six or eight sacks of unused sugar and some yeast brought there by these appellants together, and 12 or 14 barrels of mash. It appears that Mantych paid all the bills for material and labor. The whisky produced each day was taken away by Lodyga in his automobile. There was no evidence that Mantych transported any of this liquor and he was not found guilty of that charge. The foregoing recital of the evidence is by no means all of the evidence connecting these appellants with the stills and the manufacture of whisky. That they had some joint under-

standing regarding the manufacture of the whisky and its disposition is unquestionable. On the face of the testimony, it would seem that Mantych had charge of the manufacturing end of the business and Lodyga the disposition of the manufactured product. From such concerted action it might reasonably be inferred that there existed a unity of purpose and a combination between them as would authorize a court or jury to find them guilty of a conspiracy to commit a felony. *Guetling* v. *State* (1926), 198 Ind. 718, 724, 153 N. E. 765. The moving of the plant from one location to the other was not such a discontinuance of the business as would render the evidence of what took place by each of these appellants at the former location inadmissible to show guilty knowledge and their relation toward each other.

As to the motion to modify, it will be sufficient to say that the court rendered judgment in accordance with the statute defining each offense and the penalties therein authorized. Something has been said as to the severity of the penalties imposed. Those were matters for the conscience and discretion of the trial court, and its acts in that respect, being within the limits of the statute, are not subject to change on appeal.

Judgment as to each appellant affirmed.