LAWVER *v*. STATE OF INDIANA.

[No. 27,760.   Filed February 15, 1943.]

*James P. Murphy*, of Fort Wayne, for appellant.

*George N. Beamer*, Attorney General, and *Norman E. Duke*, Deputy Attorney General, for the State.

FANSLER, J.—Appellant, who had been deputy treasurer of Huntington County, was convicted of embezzling $30 of the county funds.

Error is assigned upon the overruling of a motion for a new trial, which, among other things, questions the sufficiency of the evidence.

It appears from the evidence that Pauline Fairchild was treasurer and that the appellant was her deputy during the years 1939 and 1940. In the spring of 1941 the State Board of Accounts discovered that there was a shortage in the treasurer's office for the years 1939 and 1940 aggregating more than $20,000. The appellant was questioned about certain checks which he had deposited in the cash drawer in the treasurer's office in lieu of money which he had taken out of the drawer to pay personal obligations, and he told the examiners that

he had deposited the checks in the drawer and taken out an equivalent sum in money. It appears that the appellant gave his $30 check for a personal obligation and when it was presented at the bank he had insufficient funds. The payee brought the check to him at the treasurer's office and he took the funds out of the cash drawer and paid the check. This transaction is the basis of the indictment. Mrs. Fairchild testified that she remembered the incident and that it was her money that went into the check; that she went to her purse and got money at the time it was paid. The payee of the check testified that he saw the appellant take the money out of the drawer. Mrs. Fairchild said that the check in question, and five other checks which were found among her papers in her absence, and which had never gone through the bank, did not represent county money, but represented money that she personally had advanced to the appellant. She said that money belonging to her, in addition to money belonging to the county, was kept in the cash drawer; that her money consisted of demand fees which became due and were collected each day; that she also kept other personal funds in the office; that before the appellant cashed checks of his own out of the cash drawer he came to her and asked her about it, and that she always told him to go ahead, that she would take care of the checks, and that on each occasion, before the end of the day, she took the checks out of the drawer and replaced them with her personal money; that he had cashed checks on some occasions when she was not available and that she had taken care of the checks; that her demand fees were left in the cash drawer with the county money until the end of the day; that if at the end of the day there were not enough fees of hers in the cash drawer to cover a check of the appellant

she would get other money which she kept in the safe at all times to take care of the balance, and that the amount in the cash drawer each evening was correct as far as she knew. This evidence was not disputed. There was no evidence that there was any shortage in the cash at the end of the day on which the $30 check, which is the basis of the indictment, was cashed, nor is there any evidence to indicate that the appellant or Mrs. Fairchild considered the transaction unlawful, immoral, or dishonest, and it is difficult to conceive that the jury would have considered the transaction criminal except for the fact that during the same year there was a shortage in the treasurer's office of several thousand dollars. There was an entire lack of evidence to explain or account for the shortage.

In *Fowler* v. *Wallace* (1892), 131 Ind. 347, 352, 353, 31 N. E. 53, 54, this court said concerning embezzlement: "There must, in order to constitute the crime, be, either at the time of receiving the money or at some subsequent time, some element of fraud or evil intention. If there is no fraudulent purpose or evil intention, there is no crime." In *Ridge* v. *State* (1923), 192 Ind. 639, 644, 137 N. E. 758, 759, it is said: "In embezzlement an intent to feloniously appropriate the property, at the time of the appropriation, is essential, and, if the appropriation is made upon the belief, honestly entertained by the accused, that he has lawful title or right to appropriate it, the act is not criminal." In Corpus Juris Secundum, Vol. 29, § 12, p. 687, it is said: ". . . ordinarily, to constitute embezzlement, there must be a fraudulent intent to deprive the owner of his property, and appropriate the same, . . ." Intent is an essential element of the crime and it must be proved beyond a reasonable doubt like any other element. It need not be proved directly,

but there must be circumstances which will support a reasonable inference of criminal intent. In *Cohn* v. *State* (1935), 208 Ind. 277, 285, 195 N. E. 804, 807, we said: "Criminal intent in embezzlement is not based on technical mistakes as to the legal effect of a transaction honestly entered into, or nice distinctions in weighing the authority of the officers involved. There can be no embezzlement if the mind of the person doing the act is innocent. There can be no embezzlement without a wrongful purpose."

The indictment charged that on the 10th day of October, 1940, the appellant embezzled $30. The evidence is that on that date, with the previous consent of his superior officer, the treasurer, he placed his own check for $30 in the cash drawer, in which there was money belonging to the county and money belonging to the treasurer, his superior, and took out of the drawer $30, with which he paid his creditor; that his check was taken out during that day and replaced with the personal cash of the treasurer. There is no evidence to the contrary. There is no evidence that there was any shortage in the funds on that particular day, or that any shortage was ever occasioned by reason of this $30 transaction. There is no evidence of concealment, but, on the contrary, there is the evidence of the examining officers that the appellant freely admitted and described the transaction when questioned.

Whether it is legal for a county treasurer to authorize the cashing of checks, good or bad, out of the funds in the cash drawer in the treasurer's office, some of which belong to the treasurer personally, and which the treasurer intends to and does take up with personal funds on the day on which they are deposited, we need not decide, but that such a transaction does not of itself constitute a crime of embezzlement on the part of the

subordinate officer depositing the check and taking out the funds, in the absence of evidence or circumstances which will reasonably sustain an inference of fraudulent purpose or evil intention, seems clear. It is true there is evidence of a shortage of several thousand dollars during the year, but there is no evidence of any shortage on this particular day, and there is undisputed evidence that this particular check transaction had nothing to do with any shortage. To assume that when the check was taken out of the drawer by Mrs. Fairchild it was not replaced with $30 in cash, because there was a shortage during the year, would be to ignore the positive evidence to the contrary and resort to mere suspicion, and this juries are not permitted to do.

We find no evidence that supports an inference of criminal or evil intent or intent to abstract or misappropriate or deprive the county of its funds. The appellant, or some other person, may have been responsible for the embezzlement resulting in the shortage of several thousand dollars, but there is no evidence of it here, or is there any charge involving anything but the $30 check transaction.

The other questions sought to be presented are not likely to arise again, and therefore it is not necessary that we discuss them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

O'Malley, J., not participating.

NOTE.—Reported in 46 N. E. (2d) 592.