## MILLER v. STATE OF INDIANA.

[No. 24,172.    Filed May 11, 1923.]

1. INDICTMENT.—*Certainty.*—An affidavit charging that defendant "did then and there unlawfully keep intoxicating liquor to-wit, whisky and grain alcohol with intent then and there to sell * * * and otherwise dispose of the same to persons to this affiant unknown within this state, he the said M, not then and there being a licensed pharmacist, wholesale druggist, manufacturing chemist, nor was he then and there in possession of such liquor for or in behalf of a public hospital, contrary * * *" etc., is not open to the objection that it casts upon the opposite party the burden of correctly interpreting doubtful or uncertain allegations.   p. 218.

2. CRIMINAL LAW.—*Pleading.*—*Certainty.*—A criminal pleading cannot rest on assumptions or recitals as to matters essential to the gravamen of the charge, but it is sufficient as against a motion to quash for uncertainty, if it will enable the court and jury to distinctly understand the issue to be tried, and will apprise the defendant of the charge against him, and the evidence admissible thereunder, and enable the court to render judgment according to the rights of the case.   pp. 218, 219.

3. INTOXICATING LIQUOR.—*Affidavit.*—*Description of Offense.*—In an affidavit charging that "M. did then and there unlawfully keep intoxicating liquor to-wit, whisky and grain alcohol with intent then and there to sell * * * and otherwise dispose of the same to persons to this affiant unknown within this state, he the said M., not then and there being a licensed pharmacist, wholesale druggist, manufacturing chemist, nor was he then and there in possession of such liquor for or in behalf of a public hospital, contrary * * *" etc., all that part following the statement "to this affiant unknown within this state" formed no part of the definition of the offense, and was not necessary or material in charging the offense.   p. 218.

4. CRIMINAL LAW.—*New Trial.*—*Grounds Depending on Evidence.*—Grounds for a new trial urged by defendant in the court below, which depend upon the evidence, cannot be considered by the appellate court if the evidence is not included in the record on appeal. p. 219.

5. CRIMINAL LAW.—*Appeal.*—*Evidence not in Record.*—When the record discloses that a transcript of the evidence was filed in the clerk's office, and on the same day a bill of exceptions was signed by the trial judge, but there is no order-book entry or certificate of the clerk showing that it was thereafter filed with the clerk as required by §2163 Burns 1914, Acts 1905 p. 584, §287, the evidence is not in the record. p. 219.

From Jasper Circuit Court; *Moses Leopold,* Special Judge.

Prosecution by the State of Indiana against Job M. Miller for violation of the prohibition law. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John A. Dunlap* and *E. M. LaRue,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, in the court below, was tried before a jury and convicted of keeping intoxicating liquor with the intent to sell, in violation of §4, Acts 1917 p. 15, §8356d Burns' Supp. 1918. The charge was preferred by affidavit. The errors assigned and not waived are, the overruling of appellant's motion to quash the affidavit and the overruling of his motion for a new trial.

The reasons assigned in support of the motion to quash are, that the affidavit fails to state facts sufficient to constitute a public offense, and that it fails to state the offense with sufficient certainty. The last one of these, or want of certainty, is the alleged defect in the affidavit especially urged by appellant in this court. He

cites the case of *Regadanz* v. *State* (1908), 171 Ind. 387, where an affidavit was held bad for uncertainty upon the ground that it cast upon the opposite party the burden of correctly interpreting doubtful or uncertain allegations essential in charging the offense. The affidavit in the instant case is not subject to the criticism which was vital to the affidavit in the case cited. It is true, a criminal pleading cannot rest on assumptions or recitals as to matters essential to the gravamen of the charge, but when they are stated with such certainty as will enable the court and jury to distinctly understand the issue to be tried and determined, and will apprise the defendant of the nature and character of the charge against him, as well as the evidence clearly admissible thereunder, and will enable the court to render judgment upon a conviction according to the rights of the case, the affidavit or indictment will be sustained as against a motion to quash for uncertainty. *Williams* v. *State* (1919), 188 Ind. 283, 297; *Mayhew* v. *State* (1920), 189 Ind. 545; *Agar* v. *State* (1911), 176 Ind. 234, 244; *State* v. *Metsker* (1908), 169 Ind. 555.

Omitting the formal parts, the affidavit here in question follows: "Job M. Miller did then and there unlawfully keep intoxicating liquor to wit, whisky and grain alcohol with intent then and there to sell * * * and otherwise dispose of the same to persons to this affiant unknown within this state, he, the said Job M. Miller, not then and there being a licensed pharmacist, wholesale druggist, manufacturing chemist, nor was he then and there in possession of such liquor for or in behalf of a public hospital, contrary", etc. All that part of the affidavit following the statement "to this affiant unknown within this state" formed no part of the definition of the offense. Hence it was not necessary nor material in

charging the offense.  *Yazel* v. *State* (1908), 170 Ind. 535; *Jenkins* v. *State* (1919), 188 Ind. 510.

2. While we do not approve the pleading, yet we deem it sufficient to withstand a motion to quash. From appellant's brief we learn that all other questions here sought to be raised were matters properly to be included in a motion for a new trial, and

4. all depend upon an examination of the evidence, which the attorney-general insists is not sufficiently authenticated as a part of the record in this case. An examination of the record in the instant case

5. will disclose that a transcript of the evidence was filed in the clerk's office, and on the same day what purports to be a bill of exceptions was signed by the trial judge, but there is no order-book entry or certificate of the clerk showing that it was thereafter filed with the clerk, as required by §2163 Burns 1914, Acts 1905 p. 584, §287. Hence, the evidence is not in the record and we cannot say that the court erred in overruling the motion for a new trial. *Workman* v. *State, ex rel.* (1905), 165 Ind. 42; *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658; *Donovan* v. *State* (1916), 185 Ind. 15; *Barker* v. *State* (1919), 188 Ind. 493, and cases there cited.

Judgment affirmed.