HARRIS *v.* STATE

[No. 28,290. Filed May 22, 1947.]

Henry Harris, *pro se.*

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

YOUNG, J.—The purported transcript filed in this case is a perfect example of failure properly to include anything upon which to predicate the errors assigned. It contains a copy of an affidavit charging appellant with rape upon a 14-year-old girl and an entry showing the appearance of appellant, in person and by counsel, his plea of guilty and judgment sentencing him to two to twenty-one years imprisonment in the Indiana State Prison. So much, and only so much, of the purported transcript is certified to by the Clerk of the Lake Criminal Court. In addition there appear bound up with the matter certified by the Clerk, a copy of a petition and an amended petition for a writ of error *coram nobis;* a verified petition addressed to the Judge of the Lake Criminal Court praying that he be allowed to appeal as a pauper from an order made on November 29, 1946, denying his petition for a writ of error *coram nobis* and that the court order its clerk to furnish him a transcript for use upon appeal; petition that an attorney be appointed to assist him in perfecting said appeal; notice of appeal to the Clerk of the Lake Criminal Court; and notice of appeal to the prosecuting attorney. None of these is certified to by the Clerk of the Lake Criminal Court or anyone else. They are not certified in any manner and are not a part of the record before us.

There is an assignment of errors, as follows: (1) The court erred in overruling writ of *coram nobis;* (2) the court erred in overruling the appellant's motion to vacate and set aside the judgment and to permit the appellant to withdraw his plea of guilty; (3) the court erred in overruling appellant's verified application for a transcript and for appointment of an attorney to appeal as a poor person with competent counsel for defense.

As we have shown above, the purported transcript contains nothing upon which these assigned errors can be predicated. There is no showing or purported showing of any kind that the writ of error *coram nobis* was filed or, if so, whether evidence was received thereon or what ruling was made in connection therewith. No motion to vacate and set aside either the original judgment or a possible judgment in connection with the *coram nobis* proceedings and no motion to permit the appellant to withdraw his plea of guilty are shown or purported to be shown.

No action upon any motion to have furnished him a transcript for use upon appeal or for appointment of an attorney to prosecute an appeal is shown or purported to be shown, and even if there were it is now well settled by the decisions of this court that a person prosecuting proceedings for writ of error *coram nobis* is not entitled to have counsel or a bill of exception containing the evidence furnished to him by the court for use upon appeal from judgment in such proceedings. *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. (2d) 601; *State ex rel. Sawa* v. *Criminal Court of Lake County* (1941), 220 Ind. 4, 40 N. E. (2d) 971; *State ex rel. Barnes* v. *Howard, Warden* (1946), 224 Ind. 107, 65 N. E. (2d) 55. This does not mean that counsel and a record are

not available to persons in appellant's situation. The State has provided a public defender to represent relator under such circumstances and to obtain a bill of exceptions and transcript in proper cases. Acts 1945, ch. 38, § 13-1401 *et seq.*, Burns' 1942 Replacement (Supp.).

This case fits almost exactly the pattern of *Parker* v. *State* (1946), 224 Ind. 513, 69 N. E. (2d) 176, 177. In that case it was held that the record presented nothing upon which this court could base a determination of the errors assigned and it was pointed out that with the assistance of the public defender available it is not the duty of this court to prepare cases for appeal but only to decide those presented to it in a proper and orderly manner.

The purported transcript before us in this case is not such as to permit this court to determine any of the assigned errors and upon the authority of *Parker* v. *State, supra,* this appeal is dismissed without prejudice.

NOTE.—Reported in 73 N. E. (2d) 51.