STEVENS *v.* STATE OF INDIANA.

[No. 29,664. Filed June 3, 1959. Rehearing denied September 30, 1959.]

20

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by indictment in two counts, Count One charging involuntary manslaughter under Acts 1941, ch. 148, §2, p. 447, being §10-3405, Burns' 1956 Replacement, and Count Two charging reckless homicide under Acts 1939, ch. 48, §52, p. 289, being §47-2001, Burns' 1952 Replacement. Appellant was tried by jury, found guilty of reckless homicide as charged in Count Two of the indictment, fined $100 and sentenced to the Indiana State Prison for a term of one to five years.

The overruling of the motion for a new trial is the sole error assigned.

We are confronted at the outset by a request of the State to dismiss the appeal herein because the clerk's certificate does not appear at the end of the transcript but at page 119 thereof and immediaetly preceding the Bill of Exceptions, and appellee asserts that since the transcript is not properly authenticated no question is presented for our consideration.

The Bill of Exceptions here, as was true in *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181, follows the clerk's certificate in the record. Also, as was true in the Kreig Case, the clerk here certifies "that I have incorporated in this transcript the original Bill of Exceptions containing the evidence in said cause instead of a copy thereof, all as requested by the above and foregoing praecipe."

The Bill of Exceptions bears the file mark of the clerk, and the judge's certificate, appearing at the end of the transcript, certifies that the Bill of Exceptions contains all of the evidence given and offered in the cause, and that the same was filed and made a part of the record therein and ordered to be so certified by the clerk.

The certificate of the clerk in the present case is sufficient under the circumstances as shown by the transcript to identify and include the Bill of Exceptions even though the Bill follows the certificate. *Kreig* v. *State, supra* (1934), 206 Ind. 464, 473, 190 N. E. 181; *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 86, 76 N. E. 2d 696.

The circumstances in the cases of *Harris* v. *State* (1947), 225 Ind. 115, 73 N. E. 2d 51, and *Clemens* v. *Pierce* (1942), 112 Ind. App. 136, 43 N. E. 2d 1024, which are relied upon by appellee, are entirely different from those in the case at bar, as will appear from an examination of the opinions in those cases,

and they do not lend support to the State's position here.

Having disposed of the procedural question, we now proceed to consider the questions presented on the merits of the appeal.

*First*: It is asserted that the trial court erred in refusing to give appellant's tendered Instructions Nos. 1 and 2 which would have instructed the jury that assault and assault and battery are included offenses in the crime of reckless homicide. This presents the question: Are assault and assault and battery lesser included offenses within the crime of reckless homicide?

The rule as stated in *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893, and relied upon here by appellant, correctly states the law as it pertained to included offenses in that case. However, it is not applicable here as will presently appear.

Section 47-2001, *supra,* defines three distinct and separate crimes: (a) reckless homicide; (b) driving while under the influence of intoxicating liquor or narcotic drugs; and (c) reckless driving.

Acts 1939, ch. 48, §53, p. 289, being §47-2002, Burns' 1952 Replacement, provides, in pertinent part, as follows:

> "All proceedings under section 52 [§47-2001] of this act shall be subject to the following provisions:
> "(1) Each of the three [3] offenses defined in this section is a *distinct offense. No one* of them includes *another,* or is included in another one of them." (Our italics.)

In *Ray* v. *State* (1954), 233 Ind. 495, 120 N. E. 2d 176, 121 N. E. 2d 732, appellant contended that the crime of involuntary manslaughter was included in

the crime of reckless homicide. On petition for re-hearing, at page 501 of 233 Ind., we said:

> "We think all of appellant's arguments in support of his position are fully answered by Burns' 1952 Repl., § 47-2002, which reads as follows:
>
> [Here follows the section in full.]"

At page 502 of 233 Ind. we further said:

> "The appellant does not attempt to point out that the quoted section is in any way ambiguous, ineffective, inapplicable or invalid. In fact he does not even mention this section. In this situation we take the statute at face value."

What is "face value" of the statute? It says specifically and without ambiguity that each of the three offenses, of which reckless homicide is one, is "a distinct offense. *No one* of them includes *another,* . . ." (Our italics.)

"Another" refers to offenses generally and not exclusively to one of the three offenses defined in the preceding section. This construction is fully sustained by the clause which follows the word "another" and which is, "or is included in another one of them" (another one of the three crimes in § 52, ch. 48, of the Acts of 1939, being § 47-2001, Burns' 1952 Replacement, *supra*).

We think the statute (§47-2002, *supra*) means what it says. The intent of the Legislature is crystal clear that the crime of reckless homicide is a distinct and separate offense and does not include any lesser offenses.

For the reason above stated the trial court did not err in refusing to give appellant's requested Instructions Nos. 1 and 2.

*Second*: Appellant asserts that the trial court erred in overruling his motion to suppress the testimony of Sergeant John F. Sullivan as to the results of a drunkometer test which he (appellant) took at police headquarters immediately following the accident.

Appellant contends that his arrest was illegal because the arresting officer "(1) had no warrant for his arrest; (2) the officers saw no misdemeanor committed within their view; (3) the officers did not have reasonable belief and information that a felony had been committed and that appellant had committed such felony, . . .", and that the evidence obtained as a result of the drunkometer test is "inadmissable and suppressable."

The evidence discloses that a police officer of the City of Indianapolis was called to investigate an accident on December 4, 1956, at Forty-Second Street and Sherman Drive in the City of Indianapolis. Upon arrival at the scene of the accident the officer found a Chevrolet sedan owned and operated by appellant "headed" in a northeasterly direction on the southeast corner of the intersection, and a Mercury coach "setting on the east side of Sherman Drive in the middle" of Forty-Second Street facing in a northeasterly direction. He also found a man lying "partially with face down" and with his head pointed toward a telephone pole on the southeast corner of the intersection, who was identified as Edward E. Roesch, Sr., an occupant of the Mercury coach.

This officer also found appellant at the scene of the accident and asked him several questions, including the speed at which he was driving as he entered the intersection; and appellant replied that he did not know exactly how fast he was driving.

Appellant was taken from the scene of the accident

to police headquarters for "statements and so forth" concerning the fatal accident.

Appellant testified as a witness at the trial that he voluntarily submitted to a drunkometer test, that at the time he knew the purpose of a drunkometer, that it was used in the prosecution of people charged with an offense involving the use of intoxicating liquor, that he "knew what it was all about," and that the test could be used against him. The drunkometer test showed ".206 blood alcohol." It is clear from the circumstances surrounding the taking of the drunkometer test that appellant submitted to it not only willingly and voluntarily, but under conditions where he was mentally and physically able and free to make a choice and with full knowledge that the test could be used in court against him. Under such circumstances he waived his right to suppress any evidence which the test might have produced. *Ray* v. *State, supra* (1954), 233 Ind. 495, 498, 120 N. E. 2d 176, 121 N. E. 2d 732.

Even if appellant's arrest were illegal this would not, under the circumstances in this case, require the rejection of the results of the drunkometer test. *Willennar* v. *State* (1950), 228 Ind. 248, 251, 252, 91 N. E. 2d 178.

We have no quarrel with the authorities cited by appellant in support of his proposition that the evidence resulting from the drunkometer test was improperly admitted. They correctly state the law applying to the facts in those cases, but because of the difference in factual situations they lend no support to appellant's position here.

We find no error in overruling appellant's motion to suppress.

*Third*: Appellant further asserts that it was error

to refuse his tendered Instruction No. 5 which would have instructed the jury that they must consider that the testimony of a State's witness, whose name was endorsed on the indictment,[1] would have been adverse to the State had she testified at the trial.

The two civil cases[2] cited by appellant in support of his contention here are not controlling in this case, and the one criminal case[3] cited lends no support to his position here.

The requirement that the names of all the material witnesses must be endorsed upon an indictment is statutory. The only effect of not complying with this requirement is to prevent the State from obtaining a continuance for such witnesses. *Short* v. *State* (1878), 63 Ind. 376, 383; *Ruffenbarger* v. *State* (1921), 190 Ind. 616, 618, 131 N. E. 514; *Cameron* v. *State* (1906), 37 Ind. App. 381, 383, 76 N. E. 1021.

The trial court did not err in refusing appellant's tendered Instruction No. 5.

*Fourth*.: It is also asserted that the trial court erred in overruling appellant's motion to quash Count Two of the indictment and in subsequently overruling his motion for arrest of judgment.

It appears from appellant's argument in his brief that he is contending that it is not alleged "with reasonable certainty" that the intersection of Forty-Second Street and North Sherman Drive is within the city limits of the City of Indianapolis.

---

1. See: Acts 1905, ch. 169, §112, p. 584, being §9-903, Burns' 1956 Replacement.
2. *Bump* v. *McGrannahan* (1916), 61 Ind. App. 136, 111 N. E. 640; *Public Savings Ins. Co.* v. *Greenwald* (1918), 68 Ind. App. 609, 118 N. E. 556, 121 N. E. 47.
3. *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563.

Count Two of the indictment, in pertinent part, is as follows:

"COUNT TWO:

"The Grand Jurors aforesaid upon their oaths aforesaid, do further present that LOUIS LEON STEVENS on or about the 4th day of December, A. D. 1956, at and in the County of Marion and in the State of Indiana, did then and there unlawfully drive and operate a motor vehicle to-wit: an automobile in a general easterly direction on East 42nd Street, a public street and highway extending generally east and west in the City of Indianapolis, County of Marion, State of Indiana, with reckless, wilful and wanton disregard for the safety of other persons using said highway, in that the said defendant drove said automobile at said time and place and failed to stop before entering into and upon the intersection of said East 42nd Street and North Sherman Drive, another public street and highway in said county and state in obedience to a traffic stop sign erected at the southwest corner of said intersection of East 42nd Street and North Sherman Drive in said county and state and which said traffic stop sign was at the said place on the said 4th day of December, 1956, in place at said intersection and was clearly visible to drivers of vehicles approaching said intersection from a westerly direction on said East 42nd Street, said traffic stop sign being then and there situate by virtue of an ordinance of the Common Council of the City of Indianapolis, County of Marion, State of Indiana, then and there in full force and effect, the same being Municipal Code of Indianapolis, 1951, which city ordinance as aforesaid, is as follows: . . ."

The rule by which we are governed here is ably stated in *Miller* v. *State* (1923), 193 Ind. 216, at page 218, 139 N. E. 306, as follows:

". . . a criminal pleading cannot rest on assumptions or recitals as to matters essential

to the gravamen of the charge, but when they are stated with such certainty as will enable the court and jury to distinctly understand the issue to be tried and determined, and will apprise the defendant of the nature and character of the charge against him, as well as the evidence clearly admissible thereunder, and will enable the court to render judgment upon a conviction according to the rights of the case, the affidavit or indictment will be sustained as against a motion to quash for uncertainty. [Citing authorities.]" See also: *Ridge* v. *State* (1923), 192 Ind. 639, 643, 137 N. E. 758; *Lodyga and Mantych* v. *State* (1932), 203 Ind. 494, 498, 179 N. E. 542.

We think the indictment here fulfills the requirements of this rule, and it is sufficient as against a motion to quash and a motion in arrest of judgment.

*Fifth*: Finally, appellant asserts that the verdict of the jury is not sustained by sufficient evidence.

In addition to the evidence hereinabove summarized, the record discloses that appellant failed to stop at the intersection of Forty-Second Street and Sherman Drive, as required by an Ordinance of the City of Indianapolis; that his car collided with the one in which the deceased was riding; that deceased was thrown from the car, his head striking a telephone pole resulting in a fracture of his skull which caused his death; and that appellant was driving on the wrong side of Forty-Second Street and, in the opinion of the nurse who was driving the car with which appellant collided, he (appellant) was under the influence of intoxicating liquor at the time of the collision. The evidence is sufficient to sustain the verdict of the jury and it is not contrary to law.

Other questions raised in appellant's motion for a new trial have not been discussed in his brief as required by Rule 2-17 (e) and are, therefore, waived.

Appellant has failed to show reversible error. Hence, the judgment of the trial court must be affirmed.

Judgment affirmed.

Achor, C. J., Arterburn, Jackson and Landis, JJ. concur.

NOTE.—Reported in 158 N. E. 2d 784.