McPHEARSON *v.* STATE OF INDIANA.

[No. 30,383. Filed September 29, 1966.]

*James E. Rocap, Jr.,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was, on October 5, 1961, charged by affidavit with the crime of robbery and commission of a felony while armed with a deadly weapon.

Thereafter, on March 2, 1962, he was charged by amended affidavit in four counts as follows: Count I charged appellant with the crime of robbery by taking the sum of $2,500.00 from one William Russell after putting him in fear. Count II charged appellant with taking property of the Ten High Brooks Bar in the sum of $2,500.00 while armed with a deadly weapon. Count III charged appellant had been previously convicted of a felony, to-wit: vehicle taking in the Circuit Court of Vermillion County, Indiana, and also convicted of a felony, to-wit: vehicle taking in the Circuit Court of Tipton County, Indiana. Count IV alleged the same prior felony convictions.

Appellant was arraigned and entered a plea of not guilty.

The issue of fact was whether appellant was the person who committed the alleged robbery by putting William Russell in fear, whether he was the person who took the goods from the Ten High Brooks Bar while armed with a deadly weapon and whether the appellant was the same person who had been convicted of a felony in the Vermillion Circuit Court and the Tipton Circuit Court.

Appellant filed Notice of Alibi on July 31, 1962, and on September 12, 1962, the State filed its answer to appellant's Notice of Alibi.

Trial was had by jury resulting in finding and verdict on Count II of the amended affidavit as follows:

> "We, the Jury, find the defendant Earl Franklin Mc-Phearson, guilty of Commission of A Felony While Armed with Deadly Weapon as charged in Count Two of the Amended Affidavit and that he be imprisoned for the term of Ten (10) years, and we further find the defendant's age is 37 years."

The verdict as to Count IV of the amended affidavit was as follows:

> "We, the Jury, find the defendant, Earl Franklin Mc-Phearson has on two or more separate and previous occassions (sic) has been convicted, sentenced and imprisoned in a penal institution for felonies as described and charged in Count Four (4) of the Amended Affidavit."

Upon the verdict of the jury, the court entered judgment against the appellant under Count II of the amended affidavit and sentenced him to the Indiana State Prison for a determinate period of Ten (10) years. The court further sentenced appellant to the Indiana State Prison for life on Count IV of the amended affidavit.

Thereafter, appellant within time, filed his motion for a New Trial, which motion was overruled on December 20, 1962.

Appellant's Motion for New Trial contained eleven (11) grounds, the first of which contained fifty-six parts and the remaining ten each contained one or more. In view of the length of the motion for new trial only those grounds specifically argued and relied on will be discussed later on in this opinion.

The appellant's Assignment of Errors contained the single specification: "1. The Court erred in overruling appellant's motion for new trial."

Appellant has not here questioned the sufficiency of the evidence to sustain the jury's verdict as to either count of the amended affidavit, hence in the interest of brevity no resume of the evidence is included herein.

The grounds of the motion for new trial argued in the brief and relied on by appellant are as follows:

Ground No. 1, part "b" reading as follows:

"Error of law occurring at the trial in this that the Court erred in overruling defendant's motion to withdraw submission of this cause, and to discharge the Jury and to declare a mistrial on account of the highly prejudicial remark of the witness William Arthur Yohe. The inflammatory answer, the motion thereon, and the reading of the Court are as follows: . . . ."

Ground No. 1, part "c" reading as follows:

"Error of law occurring at the trial in this that the Court erred in overruling defendant's motion to withdraw the submission of this cause and to discharge the Jury, and to declare a mistrial in account of the highly prejudicial question propounded by the Deputy Prosecutor, John Tran-

berg in the question propounded to James M. Stevens on re-direct examination, a witness for the State, the question, the motion thereon, and the ruling of the Court are as follows: . . . ."

Ground No. 1, part "n" reading as follows:

"Error of law occurring at the trial in this that the Court erred in refusing to give the defendants (sic) preliminary instructions Number One, as tendered."

Ground No. 1, part "u" reading as follows:

"Error of law occurring at the trial in this that the Court erred in refusing to give the tendered defendant (sic) final Instruction Number Seven, the subject thereof not being properly given by other instructions."

Ground No. 1, part "ww" reading as follows:

"Error of law occurring at the trial because the Jury was guilty of misconduct tending to prevent a fair and due consideration of the case in that the Jury was denied to the defendant herein, the protection of the presumption of innocence and denied and ignored the burden of the State of Indiana, to prove the defendant guilty beyond a reasonable doubt, and unlawfully placed upon the defendant the burden of proving his innocence as shown by the affidavits attached hereto, and made a part of this Motion hereof, and designated defendant's Exhibit 'A,' 'B' and 'C,' showing that the verdict of the jury was not the verdict of the twelve (12) jurors who had been sworn into to try said cause, and who had been sent to the jury room to deliberate herein; further the action of the jury conclusively shows that after more than four and half (4½) hours of deliberation, eleven of said jury voted for conviction and one (1) on said jury voted for acquittal and steadfastly held out for acquittal, and when said juror Number Nine, Anna Taylor, was removed from said jury and alternate juror Number Thirteen, Joseph McDaniel, was placed in said jury as an alternate juror to replace said juror Number Nine, only thirty to thirty-five minutes was necessary for said eleven (11) jurors to deliberate with said new juror Number Thirteen, Joseph McDaniel, and thus the defendant was denied a fair and due consideration of his case in that the said eleven (11) jurors failed to change the vote and conviction of said juror Number Nine, Anna Taylor, in more than four and half (4½) hours, yet said eleven (11) jurors did sway and convince and conclusively mould the opinion and verdict of juror Number Thirteen, Joseph McDaniel, so that after thirty or thirty-five minutes of de-

liberation, he joined with the opinions of the said eleven (11) jurors and returned with them a verdict of guilty in the said cause, thereby denying the defendant a fair, impartial and due consideration of his cause, all as shown by said Exhibits of defendant 'A,' 'B' and 'C.' "

The habitual criminal charge was based on two prior convictions, one of which occurred on January 19, 1950, in the Tipton Circuit Court and the other on July 15, 1954, in the Vermillion Circuit Court. While attempting to prove the first conviction, a witness for the State voluntarily and unnecessarily testified that the appellant was on parole at the time he was convicted in 1950. The trial court admonished the jury to disregard the answer and ordered it stricken from the record.

Appellant asserts that the trial court erred in overruling his motion to withdraw the submission of the cause because of the above testimony. The cases cited as authority on this question by appellant are not in point. The trial court did not err. The offered testimony was completely voluntary. Voluntary testimony of witnesses frequently cannot be controlled by counsel during questioning. However, even if the testimony of the witness was prejudicial to the appellant the action of the court in admonishing the jury to disregard that testimony, ordering it stricken from the record and ordering the jury not to consider the same, cured the defect.

Appellant next asserts that the trial court erred in overruling appellant's Motion for Mistrial made upon a direct question asked by the State while in the process of proving the 1954 conviction in the Vermillion Circuit Court. The question propounded was: "Now in July of '54, when he was received back in State Prison, I believe you explained he had to serve the remainder of the time on the old charge before he could serve time on the new commitment."

Appellant alleges that the question would lead the jury to speculate on the fact that the defendant had convictions other than those on which the habitual criminal count was based. Testimony was adduced immediately prior to the

question in controversy to the effect that appellant was released on parole on February 4, 1954. Thus, there was no reason for the jury to speculate or conclude that appellant was on parole in July 1954 from any other conviction than the one just admitted in evidence.

Appellant next argues that the trial court erred in refusing to give the jury defendant's tendered preliminary Instruction No. 1 and tendered Final Instruction No. 7. These instructions covered the defense of alibi. There was no error in refusing these instructions. The substance of the refused instructions were adequately covered by other instructions given by the court and by defendant's tendered Preliminary Instruction No. 2 which was read to the jury.

This Court has held that:

". . . The trial court is not required to accept tendered instructions and give them in the exact language in which they are tendered. It may, so long as they are proper, give instructions in its own language, and when a subject is substantially covered in an instruction given by the court, it is not error to refuse one tendered by the defendant which is in substance the same but is couched in different language." *Bange v. State* (1958), 237 Ind. 422, 435, 146 N. E. 2d 811; *Beatty v. State* (1963), 244 Ind. 598, 603, 194 N. E. 2d 727; *DeBoor v. State* (1962), 243 Ind. 87, 93, 182 N. E. 2d 250.

Appellant also complains of the substitution of an alternate juror as a result of juror number nine's claim of illness. An affidavit of juror number nine is attached to the Motion for New Trial. Such affidavit states that at the time she became ill and was replaced by the alternate juror she was the only one of the jury holding out for acquittal and that she would never "have been convinced beyond a 'reasonable doubt' of the defendant Earl Franklin McPhearson's guilt."

Acts 1937, ch. 295, § 1, p. 1347, § 4-3325, Burns' 1946 Replacement provides in part:

". . . If at any time, whether before or after the submission of the case to the jury, a member of the regular jury dies, or is discharged by the court by reason of illness

or disability or disqualification to serve, the court shall not declare a mistrial, but shall order the alternate juror, . . . to take his place with the jury. . . ."

The fact that the replaced juror says she would never have found the defendant guilty is not ground for a new trial. The record shows that the trial judge made a judicial determination of the legal necessity to discharge juror number nine because of her own claimed illness. This was done in open court with appellant and his trial counsel present without objection by either. Furthermore, alternate jurors have the same qualifications, hear the same evidence, and conduct themselves as regular jurors. Once an alternate juror replaces a regular juror as provided by statute, the verdict reached by the jury so composed is final and is as binding as if all the original regular jurors had remained on the jury.

Other questions raised in appellant's Motion for New Trial have not been discussed in his brief as required by Rule 2-17 (e,f) and are therefore waived. *Gayer* v. *State* (1965), 247 Ind. 113, 210 N. E. 2d 852, 854; *Paneitz* v. *State* (1965), 246 Ind. 418, 204 N. E. 2d 350, 353; *Stevens* v. *State* (1959), 240 Ind. 19, 29, 158 N. E. 2d 784, 789.

Finally appellant expressly waives the remaining grounds when he says, "a careful review of the various points raised in the Motion for a New Trial failed to show that any one of them, except this mentioned above, were prejudicial to the extent of reversible error."

The judgment is affirmed.

Rakestraw, C. J., Arterburn and Myers, JJ., concur, Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 907.