**Theodore M. BURTLEY a/k/a Theodore (Teddy) Bennet a/k/a Teddy M. Burtley, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 483S144.**

Supreme Court of Indiana.

April 25, 1985.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of murder, Ind.Code § 35-42-1-1, and robbery, a class A felony, Ind.Code § 35-42-5-1. The case was tried before a jury. Ap-

pellant received a sixty-year sentence for murder and a fifty-year sentence for robbery. The sentences are to run consecutively.

Appellant raises one issue on appeal: (1) whether the trial court erred in substituting an alternate juror for a regular juror.

■ The selection and seating of alternate jurors has been a recognized procedure in Indiana in the conduct of both civil and criminal trials for more than forty years. Acts of 1937, Chapter 295, p. 1347. The procedure is presently recognized as applicable in criminal cases, I.C. § 35–37–2–3, and is governed by Rule T.R. 47(B). *Blevins v. State* (1973), 259 Ind. 618, 291 N.E.2d 84. A regular juror may be discharged and replaced by an alternate juror until return of the verdict. Substitution is warranted where a regular juror has personal knowledge of a material fact, or otherwise becomes or is found to be unable or disqualified to perform the duties.

These are the facts pertinent to the issue in this case. On October 28, 1982, after both sides had rested their cases, juror Karen Kluck requested a conference with the trial judge. Appellant, his counsel and the prosecuting attorney were present at the conference. The juror advised the judge that she did not believe she would be able to render a decision in the case. She stated among other things that she would refuse to make a decision if that was her right, and that it was her understanding that if the two lawyers had a difference of opinion the defendant would be acquitted.

She appeared distraught. After a brief conversation with her, the trial judge asked her to return home for the evening and return to the trial court at 9:00 a.m. the next morning to hear closing arguments.

After leaving the court room, Kluck began to cry, and consequently, the bailiff took her to a private office. Fifteen minutes later, she asked the bailiff if she could speak to the trial judge. The judge instructed the bailiff to tell her to go home and return at 9:00 a.m. When she was given this instruction, she started screaming and stomping her feet. Learning of this violent response, the judge convened another conference as before. He read to her portions of Indiana Pattern Criminal Instruction No. 13.23, Jury Deliberations, which was eventually given as a final instruction to the jury. She told the judge that she did not know if she would be able to reach a decision and that she was afraid of making the wrong decision. She also told the judge that she was nauseous and frequently needed to go to the bathroom during the trial. Finally, she said she would go to the jury room and attempt to deliberate with her fellow jurors to prevent a mistrial. The judge telephoned her that evening and told her she was being removed from the jury. Appellant objected to her removal and moved for a mistrial. The motion was subsequently denied.

Discharge of a regular juror because of illness during the progress of the trial is a common situation dealt with in this area. In *Smith, Peak v. State* (1960), 241 Ind. 311, 170 N.E.2d 794, a juror vomited, fainted, was given first aid and sent home in a taxi, and discharge was upheld. In *Blevins v. State, supra,* discharge of a regular juror and her substitution by an alternate juror was upheld where the regular juror suffered an asthmatic attack. In *McPhearson v. State* (1966), 247 Ind. 579, 219 N.E.2d 907, the discharge and replacement of the lone juror holding out for acquittal, by reason of illness, was sanctioned on appeal. On appeal, judicial oversight of the determination of illness as a disabling condition has been at a minimum. because of a corresponding judgment of the courts that an alternate juror has a value as an impartial member of the trier of fact which is equal to that of a regular juror. Thus it is often said that substitution has not been shown harmful to the interests of the complaining party.

■ The regular juror discharged in the case on appeal manifested a severe and inordinate reaction to her jury experience and the prospect of decision making. That reaction was vocal, and persistent, and unrelieved by the judges repeated attempts

to meet it with reasoning. The shock was so severe as to alter her bodily functions and dominate her thoughts and actions. We find that the trial judge had good cause to determine that this juror had developed a high state of anxiety and a physical condition which rendered her unable to perform her jury duties, and that the discharge of her and replacement by an alternate juror was not error.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.